Faber L. THRALL, Individually and d/b/a All American Landscaping, Appellant,

v.

William F. RENNO and wife, Martha Renno, Appellees.

No. 04–84–00484–CV.

Court of Appeals of Texas, San Antonio.

June 28, 1985.

Rehearing Denied July 23, 1985.

Writ Filed Aug. 2, 1985.

Earle Cobb, Jr., San Antonio, for appellant.

Dinah Gaines, San Antonio, for appellees.

Before ESQUIVEL, BUTTS and REEVES, JJ.

## OPINION

BUTTS, Justice.

Faber L. Thrall, owner of a landscaping business, appeals from a judgment in favor of William F. and Martha Renno. In the suit based on the Texas Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. § 17.41 *et seq* (Vernon Supp.1985), (hereinafter DTPA), the jury found that Thrall, d/b/a All American Landscaping, failed to install a [brick] patio in a good and workmanlike manner at the Renno's home; that the failure to do so was a producing cause of damages to the Renno's premises; that the conduct constituted an unconscionable action or course of action. The jury found actual damages resulting from the failure to be $3,380.00 and $1,500.00 was awarded as attorney's fees. The trial court

trebled damages according to the provisions of the DTPA, but based on $2,600.00 actual damages.

In seven points of error, Thrall asserts there was no breach of an express contract, and the trial court should have granted his judgment notwithstanding the verdict; that no implied warranty existed because an express warranty covered the same subject; that the plaintiffs' own plans were followed by Thrall; that "unconscionability" was never shown; that no evidence supported the jury's award of damages; and that attorney's fees were wrongfully awarded.

In mid-October, 1981, the Rennos and Thrall executed a written contract. Thrall would provide landscaping services, shrubs and plants, lawn treatment, and would build a divider, a "deck of brick according to plan," and a border of cement pebble. The agreed total price was $6,000.00, which was paid. There is no complaint about the construction or materials other than the brick patio, as it is called in the suit. Plaintiffs allege in their petition that $2,600.00 is the amount of actual damages for replacement of the patio, and the evidence comports with that amount. It was that figure the trial court used to treble damages.

The plan for landscaping which included a drawing or sketch of a proposed brick deck was furnished to Thrall by the Rennos; it was the work of a landscape designer friend, but it contained no specifications ("specs") for the construction of the patio.

An examination of the contract shows the contractor (Thrall) warranted the plants, shrubs and trees and construction performed by him for twelve months from date of completion. It limited any replacement or repairs to plants, shrubs, or trees or construction found by the contractor to be defective. We are here concerned only with the construction of the patio.

Without specifications as to bricks and materials to be employed, Thrall showed a sample brick to the Rennos, and they chose that one because of the pink color. There was no discussion or agreement as to the type or composition of brick to be used, i.e. paving brick.

It was agreed that, because of water run-off and a mulberry tree, the bricks would be laid in sand. This is an open deck. The evidence is clear that neither of the Rennos possessed rudimentary knowledge and certainly no expertise in landscaping or construction. The testimony was they selected Thrall because he warranted his work for one year.

Although Thrall made other corrections, he had not offered to replace the bricks by the following summer, although complaint was made. The patio bricks, in addition to having changed color to white because of chemical reaction to water, had begun to move and were not level. The efflorescence, or chemical reaction of the brick, resulted since the bricks were not all clay. There was expert testimony that the bricks should have been laid on sand mixed with dry cement, the sand being first placed on a stationary base. More than one kind of base for the sand was noted. The evidence was that the Renno's bricks were laid on sand without a stabilizer. Thrall did not make any repairs nor offer to replace the bricks, although he did repair other construction which was part of the landscaping contract.

Notice by letter was sent to Thrall in October, 1982, in order to present an opportunity for him to make any repairs or adjustments before the instant suit was filed. *Southwest Lincoln-Mercury, Inc. v. Ross,* 580 S.W.2d 2, 5 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ).

■ We agree there is no express warranty in the contract as to type of brick to be used or the method of laying bricks in sand to preclude shifting and moving about. The Rennos were shown a sample of the brick used. But there was no representation of that particular brick's quality of performance as a patio brick. Thus that express representation or warranty cannot be the basis of the bargain sued upon. *See,* TEX.BUS. & COM.CODE ANN. § 2.313 (Vernon 1968).

It is significant, however, that the issues submitted to the jury sound in and are addressed to the *implied warranty* to perform work in a good and workmanlike manner. It is recognized that failure to perform certain work in a good and workmanlike manner, that failure being a producing cause of the damage resulting to plaintiff, gives rise to a cause of action under the DTPA. *Boman v. Woodmansee*, 554 S.W.2d 33 (Tex.Civ.App.—Austin 1977, no writ). A breach of an implied warranty will state a cause of action. DTPA § 17.-50(a)(2). This action does not create a new form of implied warranty. Moreover, a consumer may maintain a cause of action under the DTPA for any unconscionable action or course of action by any person. DTPA § 17.50(a)(3). Unconscionability is defined in DTPA § 17.45(5). Therefore, the present cause of action is based upon proof of the implied warranty to install the patio in a good and workmanlike manner and further that the failure to do so constituted an unconscionable action or course of action.

A consumer's vulnerability may derive from specific circumstances, the most common being the buyer's lack of knowledge with regard to a specific product, service, or transaction. *See* P. KENS & S. COCHRAN, 27 TEXAS PRACTICE, CONSUMER RIGHTS AND REMEDIES § 122 (1983). We believe the same may be said in a situation as presented here. The evidence reflects neither of the Rennos showed an adeptness at gardening or building even simple objects to be used about the home. In fact, they went to great lengths to show their ignorance and complete disinterest in those subjects. Choosing a patio brick only for its color and not its composition illustrates this. The fact that no guttering existed on the roof behind the bricks laid in loose sand also illustrates their lack of sophistication and knowledge in these matters. An expert testified to methods of laying bricks under these conditions and indicated that he would never lay bricks in that manner.

Answering all issues against Thrall, the jury found he failed to install the patio in a good and workmanlike manner, that his failure was a producing cause of the damages, and that this failure was an unconscionable action or course of action.

A complaint that the trial court erred in failing to grant a motion for directed verdict, or judgment *non obstante veredicto* raises only "no evidence" points for purposes of appeal. *Southwestern Bell Telephone Co. v. Sims*, 615 S.W.2d 858, 861 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ). In order for the trial court to grant the motion properly, it must be determined that there is no evidence upon which the jury could have made the findings relied upon. *Dowling v. NADW Marketing, Inc.*, 631 S.W.2d 726, 728 (Tex. 1982). In the present case no theory based upon an express warranty or contract can be found in the issues and instructions submitted to the jury. Although that theory is alleged in the original petition, it does not appear in the jury charge. A review of the evidence favorable to the findings shows there was evidence of an implied warranty which supports the jury verdict. It is true the Rennos admitted they knew the bricks might move in sand, and the jury could and probably did consider that fact in determining whether the patio was installed in a good and workmanlike manner. The trial court properly overruled the motion for judgment *non obstante veredicto*.

We note the trial court refused to permit the Rennos' counsel to amend the pleadings after the jury returned its verdict of actual damages in the sum of $3,380.00. The pleadings and proof clearly support the sum of $2,600.00. The judgment reflects that amount was awarded, and we agree it is correct. The Rennos do not contest that part of the judgment. It is not necessary to consider Thrall's point of error addressed only to the larger figure, since it was not awarded.

DTPA § 17.50(d) provides that each consumer who prevails shall be awarded court costs and reasonable attorneys' fees. The trial court correctly awarded attor-

neys' fees in this case. The points of error are overruled.

The judgment is affirmed.