Kimberly **DAVIS**, Administratrix of the Estate of Edwin Burts, Appellant,

v.

Julia **STALLONES**, et al., Appellees.

No. 01–87–00095–CV.

Court of Appeals of Texas, Houston (1st. Dist.).

Dec. 3, 1987.

Davis Burrow, Robert E. Ray, Joe Crabb, Houston, for appellant.

Grant Kaiser, Rockne W. Onstad, Houston, for appellees.

Before WARREN, DUNN and COHEN, JJ.

COHEN, Justice.

This is an appeal from a wrongful death action resulting from a helicopter crash that killed three men. Judgment was rendered for the plaintiffs against the administratrix of Edwin Burt's estate in an amount over $1.8 million, based on the jury's verdict.

On December 23, 1982, Edwin Burts, William G. Stallones, and Barry Burts were returning to Houston from Brackettville, Texas, in a Bell 206 B jet ranger helicopter. Edwin Burts was the licensed helicopter pilot, but did not have an instrument rating. William G. Stallones and Barry Burts, Edwin's nephew, were the passengers. They crashed in bad weather 15 miles west of San Antonio, killing all three men.

Appellant first contends that the trial court erred in twice refusing to declare a mistrial after the appellees' expert witness revealed the National Transportation Safe-

ty Board's ("NTSB") conclusions regarding the probable cause of the crash to the jury.

During the trial, the plaintiffs offered expert testimony from Richard Lenoir that the accident was caused by the negligence of Edwin Burts. Defense counsel cross-examined Mr. Lenoir about a control system malfunction that could have caused the accident. Lenoir was asked if it would be necessary to inspect the control system connections, in order to rule out the possibility of a control malfunction. He answered:

MR. LENOIR: Well, that would assist in, you know, determining and I assume that the NTSB did, you know, did that. And I am sure that they did that.

DEFENSE COUNSEL: Well, you don't know that; do you?

MR. LENOIR: I know that that is an absence in their report, that they did not indicate that that was probably the problem or that was the probable cause. You know, if—

Appellant did not object, and a motion for mistrial was not made until Lenoir finished testifying. At the close of evidence, appellant again requested a mistrial. Appellant now argues that Lenoir's reference to the NTSB's findings violated 49 U.S.C. § 1441(e), which makes NTSB findings inadmissible in air crash litigation.

Prior to trial, a motion in limine was granted excluding the entire NTSB report. Appellees elicited testimony from Lenoir during trial as to why he thought it was unnecessary to look at the wreckage to analyze the accident. Lenoir answered that he had heard appellant's expert witness testify that he had found no mechanical malfunction of the aircraft and that this confirmed the NTSB findings. He further explained that the NTSB investigated the crash site before anything was moved and developed records that he reviewed. Appellant did not object to these references to the NTSB report. On cross-examination by appellant, Lenoir stated that he had relied on the NTSB report in forming his opinion that there was nothing mechanically wrong with the helicopter. Again, appellant did not object.

Later, during re-cross examination, appellant referred Lenoir to a page of the NTSB report, and asked Lenoir whether he had placed emphasis on the fact that the author of the NTSB report had checked the block marked "no" concerning a control system malfunction. Lenoir answered affirmatively, stating that the NTSB found no malfunction.

Finally, appellees' counsel argued to the jury that appellant's expert witness, Dr. Waldron, had found no defect or malfunction that caused the crash, and that the NTSB report had found none. He explained to the jury the part of the NTSB report that was in evidence. Again, appellant did not object.

■■■ The purpose of a motion in limine is to prevent prejudicial questions and statements before the jury. *Hartford Accident & Indemnity Co. v. McCardell,* 369 S.W.2d 331, 335 (Tex.1963). However, a motion in limine is not the predicate for complaint on appeal; the predicate is a proper, timely objection made when the evidence is offered. *Bridges v. City of Richardson,* 163 Tex. 292, 293, 354 S.W.2d 366, 367–68 (1962). A timely objection is necessary when an improper question has been asked in violation of a motion in limine. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 637 (Tex.1986).

■■■ Moreover, appellant elicited some of the testimony now complained of, as well as other, similar testimony mentioning the NTSB report. Thus, she cannot complain of the error.

Point of error one is overruled.

Appellant next contends that the trial court erred by allowing the appellees to mention insurance throughout the trial.

Appellant's expert, Dr. Waldron, repeatedly referred on direct examination to parts of the wreckage that were "not available for inspection" and "missing." These parts, he stated, might have proved that the accident was caused by a mechanical failure, rather than pilot error, as appellees claimed. Appellees sought to establish in cross-examination that the wreckage had been in the continuous control of Associat-

ed Aviation Underwriters ("AAU"), which had insured the deceased pilot and had hired Waldron to investigate and testify. The court overruled a relevance objection, and appellant did not seek a limiting instruction under Texas Rule of Evidence 105. The trial judge reasoned that because appellant had suggested to the jury that appellees were responsible for the "mystery" of the allegedly missing pieces, the testimony was relevant to the issue of control of the wreckage. *See* Tex.R.Evid. 411. The court granted appellant a "running objection" to questions "likely to provoke an insurance type answer."

Waldron's cross-examination repeatedly referred to AAU's removal of crash site wreckage, the presence of AAU's agents at the crash site, and AAU's payment of Waldron's fees. Appellant made no further objections to this testimony. Appellees again referred to AAU's control during jury argument, and appellant made no objections.

Appellant also complains that the following arguments informed the jury that appellant was insured:

I submit to you that it is time that they quit defending on sympathy and it is time that they quit hiding behind Kimberly Davis' skirts [sic] had the fortitude and guts to come out here and tell you folks what they think this case is worth, because this isn't a question of liability.

Appellant did not object to this argument. The next example is:

I want you to recall how much they paid the expert from Canada. I want you to recall how much was paid to the expert from Carolina. And, I want to ask you something, they spent $30,000 on those, and I don't know what else they have spent. How much was the value of Glenn Stallones to these two boys in relationship to what they have spent on that?.... If they can spend that kind of money on the experts, they can spend that kind of money taking care of my boys. It is a loss, and if they can spend 300—pardon me, if they can spend $30,-000 for that, how many times more can they spend for this? If they spent that

kind of money, they have not shown anything with that.

Appellant did not object to this argument. The next example is:

> This is what the parties wanted, this is what they've always wanted before the lawsuit was even filed. They didn't want to be here, Kimberly didn't want to be here. She is a pawn, she is being kicked and used and abused just as much as my client is.
>
> DEFENSE COUNSEL: Your Honor, I object to that. That is totally outside the record.
>
> THE COURT: Sustained.

Appellant did not request a limiting instruction to the jury, an instruction to disregard, or a mistrial. The last example is:

> You'll put this case to rest forever, and let these people walk out of here the way that Kimberly Davis wanted them to walk out of here. And, that is with a full and fair compensation. And, not what the lawyers tell you, they have got their own ax to grind and Kimberly Davis is just part of the file that they're using to grind it.

Appellant did not object to this argument.

■ Evidence of insurance is not admissible to show negligence, but is admissible "when offered for another issue, such as proof of agency, ownership, or control, if disputed, or bias or prejudice of a witness." Tex.R.Evid. 411. Because of appellant's repeated references to the "missing" and "unavailable" wreckage, the issue of control was disputed, and the testimony about control was properly admitted. Moreover, the evidence about control was admitted without any request from appellant for a limiting instruction under Rule 105. Tex. R.Evid. 105.

■ Although appellees' jury arguments went beyond the issue of control and suggested that an insurer was the interested party, appellant objected only once, and then that argument was "totally outside the record." This general objection was sustained, and no further relief was requested. We conclude that the complaint of improper jury argument was waived because the evidence of insurance was admitted without limitation, the trial objection made was different from the complaint on appeal, and all the relief requested during argument was granted. Moreover, appellant's running objection granted during the testimony phase of the trial applied only to "questions," not to improper jury argument.

Point of error two is overruled.

The judgment is affirmed.