**METHODIST HOSPITALS OF DALLAS, Appellant,**

v.

**CORPORATE COMMUNICATORS, INC., Appellee.**

No. 05–90–00388–CV.

Court of Appeals of Texas, Dallas.

March 6, 1991.

Rehearing Denied April 24, 1991.

B. Scott Tilley, Wade L. McClure, Dallas, for appellant.

Anthony A. Petrocchi, Christopher M. Weil, Dallas, for appellee.

Before WHITHAM, LAGARDE and KINKEADE, JJ.

## OPINION

KINKEADE, Justice.

Methodist Hospitals of Dallas appeals a judgment in favor of Corporate Communicators, Inc. (CCI) in this breach of contract action. In eleven points of error, Methodist asserts various alleged errors. We consider only the assertions that the trial court erred when it (1) granted CCI's motion for partial summary judgment and failed to grant Methodist's motion for reconsideration, (2) granted CCI's motions in limine, and (3) modified the court's charge during its closing argument. Because the trial court erred in modifying the court's charge during CCI's closing argument, we reverse the trial court's judgment and remand the cause for further proceedings.

## PROCEDURAL HISTORY

On November 7, 1983, Methodist executed two contracts to purchase magazines produced by CCI. Methodist's president, William E. Parisi, and its vice-presidents, Ralph E. Cross and Ed Osofski, signed the contracts on behalf of Methodist. Leslie B. Blaser signed the contracts on behalf of CCI. The contracts renewed previous agreements between the parties. After Methodist ordered and purchased several issues of the magazines under these renewed contracts, it refused to order any more magazines and instructed CCI not to produce or deliver any more magazines. On June 16, 1986, CCI filed suit to recover damages for Methodist's alleged breach of the two contracts. One month later, Methodist filed a general denial and a counterclaim for the payment of services allegedly rendered to CCI by Methodist.

On May 12, 1987, CCI filed a motion for partial summary judgment on the issue of Methodist's breach of contract. CCI attached the sworn and notarized affidavits of Parisi, Cross, Osofski, and Blaser. On July 6, 1987, Methodist filed its response to CCI's motion, and the court held a hearing. In its response, Methodist raised lack of authority to execute the contract by its officers and attached the unsigned, unsworn affidavits of Paul R. Seegers, its chairman of the board, and Michael J. Schaefer, its senior vice-president and chief financial officer. On July 21, 1987, the trial court granted CCI's motion for partial summary judgment on the issue of Methodist's breach of the contracts. The court reserved for jury trial the issue of damages caused by the breach and Methodist's right, if any, to offset those damages. On October 21, 1987, CCI moved for summary judgment on the issues of damages. On November 9, 1987, Methodist filed (1) its first amended answer raising lack of authority as an affirmative defense, (2) a response to CCI's motion for summary judgment concerning damages asserting that a decision as to damages was premature because the court should first reconsider the issue of liability, and (3) a motion to reconsider the court's grant of summary judgment to CCI on the issue of Methodist's breach of contract. Methodist attached to its motion for reconsideration the signed, sworn affidavits of Seegers and Schaefer, which showed a file date of July 2, 1987. On December 29, 1987, the trial court denied CCI's motion for summary judgment as to damages and denied Methodist's motion to reconsider the previously granted partial summary judgment. After a jury trial, the court entered a final judgment in favor of CCI awarding actual damages, attorneys' fees, interest, and court costs.

## SUMMARY JUDGMENT

In its first point of error, Methodist contends that the trial court erred when it (1) granted CCI's motion for partial summary judgment as to Methodist's breach of the two contracts and (2) failed to grant Methodist's motion for reconsideration. Meth-

odist argues that CCI failed to produce sufficient evidence to show either actual or apparent authority of Methodist's officers to bind the hospital to the contracts.

### CCI's Partial Motion for Summary Judgment

Summary judgment is proper only if the pleadings, depositions, admissions, and affidavits show that (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a. On appeal, this Court resolves all doubts against the movant, CCI. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–679 (Tex.1979).

■■■ A breach of contract occurs when a party fails or refuses to perform an act that it expressly promised to do. *Fidelity & Deposit Co. v. Stool*, 607 S.W.2d 17, 24 (Tex.Civ.App.—Tyler 1980, no writ). A party that denies the execution, by itself or by its authority, of a contract upon which a pleading is founded, must do so by a sworn denial. Tex.R.Civ.P. 93(7). In the absence of a verified plea of denial, the court receives the instrument into evidence as fully proved. *Zodiac Corp. v. General Elec. Corp.*, 566 S.W.2d 341, 346 (Tex.Civ.App.—Tyler 1978, no writ). Further, ratification of a contract occurs if the principal retains the benefits of the transaction after acquiring full knowledge of its agent's unauthorized acts. *Land Title Co. of Dallas, Inc. v. F.M. Stigler, Inc.*, 609 S.W.2d 754, 756 (Tex.1980).

■■■ To support its motion for partial summary judgment, CCI attached signed copies of both contracts and the sworn affidavits of Parisi, Osofski, and Cross. Each of these affidavits stated that these officers represented and executed the agreements with the belief that they possessed the authority to bind Methodist to the terms of the contracts. CCI also attached Blaser's sworn affidavit, which stated that (1) he believed the Methodist officers executing the contracts possessed the

authority to do so, (2) CCI performed its obligations under the contract, and (3) Methodist refused to perform its obligations under the contract.

In its original answer Methodist failed to file a sworn denial of the execution of the contracts by persons with authority. In its response to CCI's motion, Methodist raised for the first time lack of authority by its officers to sign the contracts on Methodist's behalf. To support its arguments, Methodist attached the unsigned, unsworn affidavits of Seegers and Schaefer. More than three months after the summary judgment hearing, Methodist attached to its motion to reconsider signed and sworn copies of these affidavits, which showed that they were filed with the clerk on July 2, 1987. Even if we ignore Methodist's failure to file a sworn denial, there is no indication from the record that Methodist drew the court's attention to the signed and sworn copies of the affidavits at the summary judgment hearing on July 6, 1987. Further, the record fails to show that Methodist's response or the affidavits were on file seven days prior to the day of the hearing or that Methodist obtained leave of court to file its response or the affidavits late. *See* Tex.R.Civ.P. 166a(c).

Viewing the summary judgment evidence in a light most favorable to Methodist, no genuine issue of material fact exists regarding lack of authority or Methodist's breach of the contracts. Absent a verified plea that Methodist's officers lacked authority to execute the contracts, the court received the contracts as fully proved. Further, Methodist ratified its officers' actions when it ordered magazines and accepted their delivery pursuant to the renewed contracts. These facts coupled with the sworn statements by Methodist's officers that they believed they had authority and Blaser's statements that CCI performed all of its obligations and Methodist refused to further perform its obligations established CCI's breach of contract claim as a matter of law. Because CCI established as a matter of law that Methodist

breached the two contracts, the trial court properly granted CCI's partial motion for summary judgment as to liability on July 21, 1987.

### Methodist's Motion to Reconsider

■ On November 9, 1987, over three months after the granting of CCI's partial summary judgment, Methodist amended its answer, raising lack of authority as an affirmative defense, and filed a motion asking the court to reconsider its ruling on CCI's partial summary judgment as to liability. The trial court granted CCI its motion for partial summary judgment on July 21, 1987. In an apparent attempt to get a second bite at the apple, Methodist amended its answer and filed a motion to reconsider the court's earlier ruling. Once the trial court granted CCI summary judgment as to liability, no obligation existed for it to consider further motions on that issue from either party. *See Martin v. First Republic Bank,* 799 S.W.2d 482, 488–89 (Tex.App.— Fort Worth 1990, writ denied).

In its motion to reconsider, Methodist asserted that (1) due to scheduling conflicts, Methodist was unable to depose CCI's affiants until just prior to the summary judgment hearing, (2) the deposition transcripts were unavailable at the time Methodist filed its response or at the time of the hearing, and (3) these depositions raised the lack of authority issue. Methodist, however, failed to request a continuance or leave of court to file a late response. *See* TEX.R.CIV.P. 166a(c) & (f). As discussed above, the trial court properly granted CCI's motion and, therefore, was under no obligation to allow Methodist to further litigate the breach of contract issue. Because the trial court properly granted CCI summary judgment, it did not abuse its discretion when it denied Methodist's motion to reconsider. We overrule Methodist's first point of error.

### MOTIONS IN LIMINE

■ In its second and third points of error, Methodist contends that the trial

court erred when it granted CCI's motions in limine. Methodist argues that the trial court's ruling precluded it from presenting evidence concerning the lack of authority of Methodist's officers to sign the contracts and CCI's failure to substantially comply with the provisions of the contract.

To complain about the preclusion of its evidence on appeal, Methodist first had to offer that evidence at trial and receive an adverse ruling on its admission. On appeal, a party may not predicate his complaint on a motion in limine. *See Davis v. Stallones,* 750 S.W.2d 235, 237 (Tex.App.— Houston [1st Dist.] 1987, no writ). Because Methodist may not appeal the granting of a motion in limine and failed to otherwise preserve its points of error, we overrule Methodist's second and third points of error.

### THE COURT'S CHARGE

In its fourth point of error, Methodist contends that the trial court erred in modifying the court's jury charge during Methodist's closing argument. Methodist argues that this modification violates rules 272 and 286 of the Texas Rules of Civil Procedure. Methodist further argues that the jury became prejudiced when the court overruled its objection to the modified charge because the court (1) indicated its opinion on the key issue of calculating damages, (2) commented directly on the evidence presented at trial, (3) commented directly on the veracity of each counsel's argument, and (4) commented directly on the verdict the jury should reach.

After the close of the evidence, the parties made their objections to the court's charge in accordance with rule 272 of the Texas Rules of Civil Procedure. The court overruled all objections and submitted question one to the jury in the following form:

> What sum of money, if paid now in cash, would fairly and reasonably compensate Corporate Communicators, Inc., for its damages, that resulted from the breach

of the agreements by Methodist Hospitals of Dallas?

*ANSWER in dollars and cents:*

Consider the following elements of damage and none other:

The difference between the price for the remaining issues of the magazine and Corporate Communicator, Inc.'s necessary costs of publication of the remaining issues of the magazines, *including* unreduced overhead and unavoidable expenses.

(Emphasis added.) After the court read the charge to the jurors, CCI presented its closing argument to the jury. CCI used an overhead projector to display the court's charge and to argue its interpretation of question one to the jury. During its closing argument, Methodist also used an overhead projector to display the court's charge and to argue a contrary interpretation of question one. In the middle of Methodist's argument and interpretation of question one, CCI objected and requested a bench conference with the court. With the argument interrupted, the bench conference transpired off the record and outside the hearing of the jury but while the jurors remained in the courtroom.

After the bench conference, the court modified question one by interlineating the following change:

What sum of money, if paid now in cash, would fairly and reasonably compensate Corporate Communicators, Inc., for its damages, that resulted from the breach of the agreement by Methodist Hospital of Dallas?

*ANSWER in dollars and cents:*

Consider the following elements of damage and none other:

The difference between the price for the remaining issues of the magazine and Corporate Communicator, Inc.'s necessary costs of publication of the remaining issues of the magazines, *together with* undiminished overhead and unavoidable expenses.

(Emphasis added.) The court then verbally informed the jury of the modification to the charge, explaining that it had interlineated the handwritten words "together with" in the copy of the charge that it was submitting to the jury. The court then overruled Methodist's objection to the modified charge, instructed Methodist to continue its closing argument, and granted Methodist an additional five minutes to argue the charge as modified.

### Objections to the Court's Charge

The Texas Rules of Civil Procedure have the same force and effect as statutes and, while the court should liberally construe them to ensure a fair and equitable adjudication of the rights of the litigants, the court cannot ignore their plain meaning. *HBA East, Ltd. v. JEA Boxing Co.,* 796 S.W.2d 534, 538 (Tex.App.—Houston [1st Dist.] 1990, writ denied). Courts and counsel may not by agreement operate contrary to and in violation of the rules. The court and the parties should adhere to the rules and the court has no power, where no discretion is reserved, to suspend or modify any rule. *National Union Fire Ins. Co. v. Hunter,* 741 S.W.2d 592, 595 (Tex.App.—Austin 1987, writ denied); *see also Texas Utils. v. Marshall,* 739 S.W.2d 665 (Tex.App.—Dallas 1987, orig. proceeding). Rule 272 provides that, in every instance, on penalty of waiver, a party shall present to the court objections to the court's charge in writing, or dictated to the court reporter in the presence of the court and opposing counsel, *outside of the jury's presence and before the court reads the charge to the jury.* See Tex.R.Civ.P. 272. This allows the court the benefit of counsels' objections so that it may correct any errors before it gives the charge to the jury. *Missouri Pac. Ry. v. Cross,* 501 S.W.2d 868, 873 (Tex.1973); *Golden v. First City Nat'l Bank,* 751 S.W.2d 639, 643 (Tex.App.—Dallas 1988, no writ). The trial court may not extend the time prescribed by rule 272 for the presentation of objections to its charge; to hold otherwise would defeat the beneficial purposes of the rule. *Standard Life & Accident Ins. Co. v. Kirk,* 465 S.W.2d 770, 772 (Tex.Civ.App.—

Fort Worth 1971), *rev'd on other grounds,* 475 S.W.2d 570 (Tex.1972).

■■■■ The record reflects that the court properly allowed the parties to make their objections to the court's charge outside the presence of the jury and before reading the charge to the jury pursuant to rule 272. The court then erroneously allowed CCI to interrupt Methodist's jury argument with additional objections to the charge. An agreement of the parties, even with the consent and approval of the court, that calls for a party to present objections after the court reads the charge to the jury violates the rule, defeats one of its main purposes, and results in a waiver of the late objection. *Missouri Pac.,* 501 S.W.2d at 872–73; *Sudderth v. Howard,* 560 S.W.2d 511, 516 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). Since Methodist, rather than agreeing to the late objection, opposed it, an even more compelling situation exists in this case. Because rule 272 does not give the court discretion to suspend or modify the stated time period allowed for objections to its charge, the court erred when it sustained CCI's untimely objection to the court's charge.

*Modification of the Court's Charge*

■■■■ Rule 272 precludes the trial court from granting objections to its charge after it reads the charge to the jury. However, after the parties complete their jury argument and the jury retires, rule 286 allows courts the opportunity to correct an error by modifying its charge. *See Texas Employers' Ins. Ass'n v. Webb,* 660 S.W.2d 856, 858 (Tex.App.—Waco 1983, writ ref'd n.r.e.); *Gulf Ins. Co. v. Gibbs,* 534 S.W.2d 720, 725 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). Rule 286 provides in pertinent part:

> *After having retired,* the jury may receive further instructions of the court touching any matter of law, either at their request or upon the Court's own motion.... The court shall give such

instruction in writing, but no instruction shall be given *except in conformity with the rules relating to the charge.* Additional argument may be allowed in the discretion of the court.

*See* TEX.R.CIV.P. 286 (emphasis added). The court, however, has to follow the rule carefully because violations of this rule require this Court to set aside the verdict upon a showing of prejudice. *Eastex Wildlife Conservation Ass'n v. Jasper,* 450 S.W.2d 904, 916 n. 3 (Tex.Civ.App.—Beaumont 1970, writ ref'd n.r.e.).

The trial court violated the mandates of rule 286 when the court modified its charge in the middle of jury argument in response to CCI's untimely objection. The court erred when it sustained CCI's untimely objection and abused its discretion when it failed to follow rule 286.

To comply with rule 272, the trial court should have overruled CCI's late objection, allowed Methodist to complete its jury argument, and submitted the case to the jury. Then after the jury retired, the trial court, pursuant to rule 286, could have on its own motion modified the charge, read it to the jury, and allowed additional argument. The trial court's interruption of Methodist's jury argument to modify the charge inherently prejudiced Methodist's theory of calculating damages. The modification addressed the key issue in the case—the method of calculating damages to be considered by the jury. The timing of the court's actions and the overruling of Methodist's objections to the charge in the presence of the jury gave an indication of the court's opinion (1) on a key issue in the case, calculation of damages, (2) of the veracity of each counsel's argument on that issue, and (3) of the verdict the jury should reach. The jury's award of a larger amount of damages than requested in CCI's closing argument further shows the prejudice caused by the court's error. Because Methodist suffered prejudice as a result of the court's error, we sustain its fourth point of error.

CONCLUSION

Because the trial court properly granted CCI summary judgment as to liability and

Methodist may not appeal the granting of a motion in limine, we overrule Methodist's first three points of error. Since the trial court committed error when it modified the jury charge in the middle of Methodist's jury argument, we sustain Methodist's fourth point of error. Finally, we need not address Methodist's seven remaining points of error because of our disposition of Methodist's fourth point of error.

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings.