Kenneth F. JONES, Appellant,

v.

STAR HOUSTON, INC. d/b/a Star Motor Cars, Appellee.

No. 01–00–00577–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 17, 2001.

ployment laws restricting the use of arbitration agreements.

Donald W. Gould, II, Richard James Judge, Houston, for Appellant.

John Zavitsanos, Houston, for Appellee.

Panel consists of Justices WILSON, NUCHIA, and DUGGAN.*

---

## OPINION

NUCHIA, Justice.

Appellant, Kenneth F. Jones, sued appellee, Star Houston, Inc. d/b/a Star Motor Cars, for breach of contract, negligence, gross negligence, violations of the Texas Deceptive Trade Practices–Consumer Protection Act ("DTPA"), and breach of express and implied warranties, also asserted under the DTPA. TEX. BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon 1987 & Supp. 2001). Star Motor moved for partial summary judgment, which the trial court granted, on all but Jones's negligence claims. In order to appeal that decision, Jones non-suited his negligence claims. See TEX.R. CIV. P. 162. We reverse and remand to the trial court.

## I. BACKGROUND

Jones is the owner of a 1996 Mercedes Benz SL500 automobile, which he purchased from Star Motor in 1997. In July 1998, Jones took the car to Star Motor for a warranty repair of a dashboard brake light. While in Star Motor's possession, the hood of the car was damaged.[1] Star Motor notified Jones of the damage and offered to replace the hood. A dispute ensued, and Jones demanded that Star Motor refrain from attempting any repairs on the car. Jones eventually had another car dealer make the repairs. He then sued Star Motor.

On appeal, Jones asserts four issues to dispute the trial court's granting of summary judgment. First, he contends the trial court erred by failing to sustain his objections to Star Motor's summary judg-

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Reviewing the facts in the light most favorable to non-movant Jones, the raised hood of the car was damaged when a technician for Star Motor lifted the car into the ceiling of the garage.

ment evidence. His second, third, and fourth issues contend the court erred in holding that, as a matter law, there was no genuine issue of material fact with respect to his breach of warranty, DTPA, and breach of contract claims.

## II. DISCUSSION

### A. Standard of Review

In his first issue and throughout his brief, Jones contends Star Motor's motion is both a rule 166a(c) motion and a no-evidence motion. *See* TEX.R. CIV. P. 166a(c), 166a(i). We conclude that Star Motor employs a 166a(c) motion to attack Jones's status as a consumer under the DTPA and a 166a(i) motion to dispute Jones's breach of contract claim.

A motion under 166a(c) is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Lawson v. B Four Corp.,* 888 S.W.2d 31, 34 (Tex.App.—Houston [1st Dist.] 1994, writ denied). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Johnson,* 891 S.W.2d at 644; *Lawson,* 888 S.W.2d at 33. We will take all evidence favorable to the nonmovant as true. *Johnson,* 891 S.W.2d at 644; *Lawson,* 888 S.W.2d at 33. As movant, the defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of each of the plaintiff's causes of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex. 1991); *Marchal v. Webb,* 859 S.W.2d 408, 412 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We will affirm the summary judgment if any of the theories advanced in the motion for summary judgment and

preserved on appeal is meritorious. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993).

Under rule 166a(i), a party is entitled to summary judgment if, after adequate time for discovery, there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. TEX.R. CIV. P. 166a(i). Thus, a no-evidence summary judgment is similar to a directed verdict. *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.,* 994 S.W.2d 830, 834 (Tex.App.—Houston [1st Dist.] 1999, no pet.). The motion for summary judgment may not be general, but must state the elements on which there is no evidence. TEX.R. CIV. P. 166a(i). The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on each of the challenged elements. *See id.; Macias v. Fiesta Mart, Inc.,* 988 S.W.2d 316, 317 (Tex.App.—Houston [1st Dist.] 1999, no pet.). The party with the burden of proof at trial has the same burden of proof in the summary judgment proceeding. *Galveston Newspapers, Inc. v. Norris,* 981 S.W.2d 797, 799 (Tex.App.—Houston [1st Dist.] 1998, pet. denied). In reviewing a summary judgment, we must indulge every reasonable inference in favor of the nonmovant and resolve any doubts in its favor. *Flameout Design,* 994 S.W.2d at 834.

### B. Summary Judgment Evidence

In his first issue, Jones contends Star Motor's summary judgment evidence was either (1) not self-authenticating, or (2) filed late. Star Motor attached three items of evidence to its motion, two portions of Jones's own deposition and one copy of a repair order not related to this case. Realizing its errors, Star Motor at-

tempted shortly thereafter to supplement its evidence with a copy of the correct repair order and portions of Jones's deposition that included pages to authenticate the deposition. Jones contends this evidence was filed late and without leave of court. The supplemental evidence was served on Jones's counsel on January 20, 2000. The submission date for the motion was set for January 31, 2000.

Nothing in the record shows that Star Motor sought leave of court to supplement its evidence, as required by rule 166a(c). Tex.R. Civ. P. 166a(c) ("Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing."); *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996) ("Summary judgment evidence may be filed late, but only with leave of court."); *INA of Texas v. Bryant*, 686 S.W.2d 614, 615 (Tex.1985) (noting that when nothing appears of record to indicate that late filing of summary judgment response was with leave of court, it is presumed that the trial court did not consider the response). Despite Star Motor's procedural omissions, however, both the repair order and the deposition excerpts are part of the summary judgment record. The repair order was properly before the trial court as summary judgment evidence because Jones himself included it in his response to Star Motor's motion.[2] Jones's deposition excerpts, which include his references to the facts underlying his claims, are included because "authentication is not necessary and is not

required under the present rules."[3] *McConathy v. McConathy*, 869 S.W.2d 341, 342 (Tex.1994) (observing that "[a]ll parties have ready access to depositions taken in a cause, and thus deposition excerpts submitted with a motion for summary judgment may be easily verified as to their accuracy"). We therefore overrule appellant's first issue.

### C. Breach of Contract

■ In his fourth issue, Jones contends the trial court erred in granting summary judgment on his breach of contract claim. Star Motor's motion asserted that (1) Jones could not identify one or more essential elements of a contract, and (2) even if Jones could show that a contract existed, no damages flowing from a breach of that contract could be established.

Jones offered a copy of Star Motor's repair order and his deposition testimony and affidavit as proof of the existence of a contract. The work order consists of the printed form with the handwritten specifics of Jones's vehicle's repair needs ("Brake Light On Dash Flashing"). This evidence is sufficient to implicate the existence of a contract. *See C & H Transp. Co. v. Wright*, 396 S.W.2d 443, 446 (Tex. Civ.App.—Tyler 1965, writ ref'd n.r.e.) (stating that a contract is a promise or set of promises to which the law attaches legal obligations); *Certain–Teed Products Corp. v.. Bell*, 411 S.W.2d 596, 598 (Tex.Civ. App.—Amarillo 1966), *aff'd*, 422 S.W.2d 719 (Tex.1968) (noting that a contract can be partly in writing and partly oral); *Ingram v. D.C. Rachal Ford, Inc.*, 545

---

**2.** We note that Star Motor used a no-evidence motion to attack Jones's breach of contract claim. Therefore, it was Jones's burden to show a contract did exist by offering proof of the repair order.

**3.** Because Jones also included relevant deposition excerpts in his response motion, "[t]he

deposition transcript referred to in plaintiff's response to defendant's motion for summary judgment was, by the plain language of Rule 166a(c), proper summary judgment evidence on which both the movant and the respondent could rely. . . ." *Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex.1995).

S.W.2d 886, 889 (Tex.App.—Corpus Christi 1976, writ dism'd) (observing that the repair order "expressly authorized the appellee to repair the automobile" and that it was "sufficiently certain to enable a court to determine the legal obligations of the parties thereto").

◼ Next, we consider whether Jones showed damages stemming from breach of the contract. Star Motor contends that it never commenced repair of the brake light, and, therefore, no damages can be shown. This is because, immediately after being notified of the damage to his car, Jones refused to allow Star Motor to perform its warranty obligations under the repair order. Jones, on the other hand, asserts that the cost of repairing the hood of his car, alleged in his deposition testimony, as well as Star Motor's condition analysis report, attached to Jones's response, stating that the damage to the hood has diminished the car's value, provide sufficient evidence of damages.

This Court has previously held that "a party to a contract to perform services generally owes a common law duty to perform with ordinary care and skill, and negligent omission or commission relating to the performance of the contract is a tort as well as a breach of contract." *Hideca Petroleum Corp. v. Tampimex Oil Int'l Ltd.*, 740 S.W.2d 838, 847 (Tex.App.—Houston [1st Dist.] 1987, no writ) (citing *Montgomery Ward & Co. v. Scharrenbeck,* 146 Tex. 153, 204 S.W.2d 508 (1947) and *Coastal Constr. Co. v. Tex–Kote, Inc.*, 571 S.W.2d 400, 405 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.)); *see also Aranda v. Insurance Co. of North America,* 748 S.W.2d 210, 212 (Tex.1988) (noting that this principle is "well established under

Texas law"). As one court has observed, the *Scharrenbeck*[4] "court appears to hold that a duty to perform with skill and care attaches *only* to the performance of the acts the parties agreed to perform." *City of Austin v. Houston Lighting & Power Co.,* 844 S.W.2d 773, 784 (Tex.App.—Dallas 1992, writ denied) (emphasis added). This interpretation is consistent with the notion that a breach of contract occurs when a party fails to perform an act or thing that he or she has expressly or impliedly promised to perform. *Methodist Hosp. of Dallas v. Corporate Communicators, Inc.,* 806 S.W.2d 879, 882 (Tex.App.—Dallas 1991, writ denied).

To defeat a no-evidence summary judgment motion, the nonmovant need only produce more than a scintilla of evidence raising a genuine issue of material fact on each of the challenged elements. We have already found that the repair order provides sufficient evidence of the existence of a contract. We also conclude that Jones has met his burden of showing damages. Star Motor asserts that any damage to Jones's car was before and unrelated to its contractual obligation. We disagree. The evidence includes more than Star Motor's admission that damage occurred while the car was in its possession for the purpose of repairing the dashboard brake light. A statement in Star Motor's service manager's letter to Jones acknowledges that the car "was damaged during servicing at Star Motor Cars." This establishes for summary judgment purposes that damage occurred while Star Motor was attempting repair of Jones's car. Accordingly, appellant's fourth issue is sustained.

**D. DTPA Standing**

◼ Appellant's third issue ad-

4. In *Scharrenbeck,* the court stated: "Accompanying every contract is a common-law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions is a tort, as well as a breach of the contract." 146 Tex. 153, 204 S.W.2d 508, 510 (1947).

dresses his DTPA claim.[5] To meet the DTPA's standing requirement, a complaining party must plead and prove that he or she is a "consumer" under the Act. *Farmers and Merchants State Bank of Krum v. Ferguson*, 617 S.W.2d 918, 919 (Tex.1981). Star Motor asserts that there is no evidence to establish Jones's status as a consumer. *See* Tex. Bus. & Com.Code Ann. § 17.45(4) (Vernon Supp.2001); *Thompson v. Deloitte & Touche, L.L.P.*, 902 S.W.2d 13, 19 (Tex.App.—Houston [1st Dist.] 1995, no writ). To establish DTPA consumer status, a complaining party must show that (1) it "has sought or acquired goods or services by purchase or lease," and (2) "the goods and services in question must form the basis of the plaintiff's complaint." *Thompson*, 902 S.W.2d at 19. If the facts are undisputed, whether a plaintiff is a consumer under the DTPA is a question of law. *Id.*

### 1. Seeks or Acquires by Purchase

■■■ Here, Jones sought the repair of his car—a service. *See* Tex. Bus. & Com.Code Ann. § 17.45(2) (Vernon Supp. 2001); *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 352 (Tex.1987). Star Motor contends, however, that, because Jones was seeking repairs under a warranty that obligated Star Motor to repair the vehicle without compensation, he is precluded from obtaining consumer status. This ar-

gument is counter to established law. One does not have to pay for goods or services to be a consumer under the Act. *Melody Home*, 741 S.W.2d at 352; *Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815, 821 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.).[6] Therefore, Jones satisfies the first part of the consumer status inquiry.

### 2. Basis of Complaint

■■■ The second step in obtaining consumer status requires Jones to show that the repairs sought form the basis of his complaint. Jones cites to *Melody Home, id.* at 354, *Boman v. Woodmansee*, 554 S.W.2d 33, 34 (Tex.Civ.App.—Austin 1977, no writ), *LaBella v. Charlie Thomas, Inc.*, 942 S.W.2d 127, 135 (Tex.App.—Amarillo 1997, writ denied), and *Thrall v. Renno*, 695 S.W.2d 84, 87 (Tex.App.—San Antonio 1985, writ ref'd n.r.e.), for the proposition that "failure to perform certain work in a good and workmanlike manner, that failure being a producing cause of damage resulting to the plaintiff, gives rise to a cause of action under the DTPA." Relying on that proposition, Jones argues that he took his car in for repair work; his car was damaged in connection with the repairs being made on the car; and he should, therefore, be able to pursue a claim under the DTPA. Star Motor counters that any damage to Jones's car occurred before it

---

5. The DTPA grants to consumers a cause of action for, *inter alia*, false, misleading, or deceptive acts or practices, unconscionable actions, and breaches of warranty. Tex. Bus. & Com.Code Ann. § 17.50(a) (Vernon Supp. 2001); *Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 273–74 (Tex.1995).

6. Star Motor attempts to distinguish *Tom Benson* by arguing that, in that case, the repairs sought were actually completed *and* that the defendant actually received compensation for those repairs, albeit from the manufacturer. *See Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815, 821 (Tex.App.—San An-

tonio 1982, writ ref'd n.r.e). Although the court in *Tom Benson* did point out that fact, it did so merely as an additional factor that supported its finding that the warranty "necessarily was part of the automobile purchase." *Id.* To assume otherwise would be to hold counter to the teachings of *Melody Home:* "The absence of a cash transfer is not determinative because DTPA plaintiffs establish their standing as consumers in terms of their relationship to a transaction, not by their contractual relationship with the defendant." *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 352 (Tex.1987).

performed any repairs to the brake light; that it immediately informed Jones of the damage to the car and took steps to remedy the damage; and that Jones prevented it from beginning its contractual service work by his demand that Star Motor cease all work related to his car.

The relevant inquiry is whether the damage to Jones's car occurred while Star Motor was attempting to make the requested repair. Star Motor asserts that the damage to the car occurred prior to, and thus was unconnected with, its initiating repair of the car's dashboard brake light. This assertion is belied by the service manager's quoted statement in the letter to Jones, *i.e.*, the car "was damaged during servicing at Star Motor Cars." Because we take all evidence favorable to the nonmovant as true in a 166a(c) motion, and resolve all doubts about the existence of a genuine issue of material fact against the movant, we conclude Star Motor has failed to carry its burden to show that Jones cannot achieve consumer status as a matter of law. We sustain appellant's third issue.

Because we sustain Jones's third and fourth issues, we do not address his remaining issue.

We reverse the trial court's judgment and remand the cause for further proceedings.