MEMORANDUM OPINION



No. 04-03-00459-CV


Gwendolyn BAILEY, Mary Lopez, Josephine S. Stephenson, Belinda Gonzales, 

Georgina Sutherland, Susan Denson, Susan Miller, Leticia Rivas, Linda Rose, and Margaret
Decker,

Appellants


v.


Dean Nick WALSH, Individually and as Representative of University Physician's Group,

Appellees


From the 225th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-15446


Honorable Pat Boone, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 10, 2003


AFFIRMED

 Gwendolyn Bailey, Mary Lopez, Josephine S. Stephenson, Belinda Gonzales, Georgina
Sutherland, Susan Denson, Susan Miller, Leticia Rivas, Linda Rose, and Margaret Decker
(collectively "Appellants") appeal the trial court's order granting the motion for summary judgment
filed by Dean Nick Walsh ("Walsh") and University Physician's Group ("UPG") and dismissing the
Appellants' case in its entirety. Appellants contend that the trial court abused its discretion in
denying them leave to file a late response to the motion for summary judgment and in denying their
motion to reconsider the summary judgment order. (1) We overrule these contentions and affirm the
trial court's judgment. (2)

Leave to File Late Response

 Walsh and UPG filed their motion for summary judgment on April 22, 2003. The motion
was set for hearing on May 16, 2003. The appellants did not file their response to the motion until
the day of the hearing. The response was not timely filed because the rules require the response to
be filed not later than seven days prior to the day of the hearing. Tex. R. Civ. P. 166a. Because no
reporter's record was made of the summary judgment hearing, and the order does not recite that the
trial court considered the Appellants' response, we must presume the trial court denied Appellants'
request to file a late response. K-Six Television, Inc. v. Santiago, 75 S.W.3d 91, 96 (Tex. App.--San
Antonio 2002, no pet.).

 We review a trial court's ruling on a motion for leave to file a late summary judgment
response under an abuse of discretion standard. Carpenter v. Cimarron Hydrocarbons Corp., 98
S.W.3d 682, 686 (Tex. 2002). A trial court abuses its discretion when it acts without reference to
any guiding rules or principles. Id. at 687. A motion for leave to file a late summary-judgment
response should be granted when a litigant establishes good cause for failing to timely respond by
showing that: (1) the failure to respond was not intentional or the result of conscious indifference,
but the result of accident or mistake; and (2) allowing the late response will occasion no undue delay
or otherwise injure the party seeking summary judgment. (3) Id. at 688.

 In this case, Appellants' response was not accompanied by a motion for leave to file the late
response; therefore our record does not expressly reflect that any explanation was offered by the
Appellants for the failure to timely respond. See id. at 688 (noting motion offered no explanation
and was not accompanied by supporting affidavits or other evidence); see also Golden Harvest Co.,
Inc. v. City of Dallas, 942 S.W.2d 682, 692 (Tex. App.--Tyler 1997, writ denied) (holding trial court
did not abuse its discretion when nonmovant failed to file motion requesting additional time to
respond). In the trial court's order, however, the trial judge inserted the following, "Plaintiff will
be allowed to bring to this court (57th District), Judge Boone, case authority that the Federal court
pleadings survive remand." This appears to be a reference to Appellants' contention that the
response to the motion for summary judgment filed in the federal court prior to the remand of the
case should be considered a timely response in this case. Accepting that this argument was presented
to the trial court, the record demonstrates that the Appellants' failure to respond was not the result
of an accident or mistake but a deliberate choice to rely on the response filed in federal court.
Therefore, the trial court did not abuse its discretion in refusing to consider the late-filed response
because the trial court made its ruling subject to Appellants' subsequent presentation of authority
to support its contention, indicating a willingness to reconsider its ruling if the Appellants could
provide authority to support their reliance on the response filed in federal court. (4)

Motion to Reconsider


 We review a trial court's ruling on a motion to reconsider its order granting summary
judgment under an abuse of discretion standard. Methodist Hospitals of Dallas v. Corporate
Communicators, Inc., 806 S.W.2d 879, 883 (Tex. App.--Dallas 1991, writ denied); Robinson v. City
of San Antonio, 727 S.W.2d 40, 43 (Tex. App.--San Antonio 1987, writ ref'd n.r.e.). In this case,
Appellants filed a handwritten motion for reconsideration, requesting reconsideration "based upon
the attached cases, Rules, and Statutes." Attached to the motion was a list of partial citations to
cases and rules. Appellants also filed a typewritten motion for reconsideration and a document
entitled "Cases and Rules in Support of Reconsideration;" however, neither of these documents
referenced any authority that would permit Appellants to rely on the response they filed in federal
court prior to the remand of the cause. In its summary judgment order, the trial court indicated a
willingness to consider Appellants' late-filed response if Appellants provided the trial court with
authority to support their reliance on the response filed in federal court. Because the Appellants
failed to provide the trial court with citation to and analysis of any such authority, the trial court did
not abuse its discretion in denying Appellants' motion to reconsider.

Conclusion


 The trial court's order is affirmed.

 Alma L. López, Chief Justice





1. Appellants also state that issues of material fact exist in this case; however, Appellants' brief fails to set forth
those issues or analyze the evidence in the record relating to those issues. Appellants were previously given the
opportunity to amend their brief to correct the defects contained therein. Accordingly, we conclude that appellants have
waived any issue regarding the trial court's ruling on the substance of the summary judgment motion. See Tex. R. App.
P. 38.9(a); Clemens v. Allen, 47 S.W.3d 26, 28 (Tex. App.--Amarillo 2000, no pet.). Appellants further make a passing
reference to the trial court's failure to file findings of fact and conclusions of law; however, the Texas Supreme Court
has held that findings of fact and conclusions of law have no place in a summary judgment proceeding. Linwood v.
NCNB Tex., 885 S.W.2d 102, 103 (Tex. 1994).
2. In reviewing the issues presented in Appellants' brief, we only consider the evidence and documents contained
in the clerk's record that has been filed as the appellate record in this appeal. See Sabine Offshore Serv., Inc. v. City of
Port Arthur, 595 S.W.2d 840 (Tex. 1979); Merchandise Center, Inc. v. WNS, Inc., 85 S.W.3d 389, 394 (Tex.
App.--Texarkana 2002, no pet.).
3. The Appellants reference Craddock v. Sunshine Bus Lines, Inc., 133 S.W.2d 124 (1939), as providing the
applicable standard governing the trial court's refusal to consider the late filed response; however, the Texas Supreme
Court expressly rejected Craddock as not being the applicable standard in cases where a nonmovant is aware of its
mistake at or before the summary judgment hearing and has an opportunity to apply for relief under the rules. Carpenter,
98 S.W.3d at 686.
4. With regard to Appellants' contention that the response filed in the federal court was the same as the response
filed in the trial court so that no prejudice could be shown, we note that our record does not contain a copy of the
response filed in the federal court to enable a comparison to be made and that Appellants admitted the responses differ
because the response filed in the trial court had three affidavits attached to it summarizing deposition testimony that were
not attached to the response filed in the federal court.