NUMBER 13-07-146-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


JESUS MENDOZA, Appellant,


v. 


DR. PEDRO S. MONTANO AND

ISMAEL "MELO" OCHOA, Appellees.

 

 

On appeal from the 370th District Court 

of Hidalgo County, Texas


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela
 This is an appeal from an order of dismissal that purports to be agreed to by all
parties. Appellant, Jesus Mendoza, appearing pro se, urges that the trial court's denial of
his motion to reconsider the agreed order deprived him of due process and discriminated
against him because of his disability. No appellees' brief has been filed to assist us in the
resolution of this case. We affirm.

I.

BACKGROUND


 Mendoza filed an original petition on October 18, 2006, in the 370th District Court
against appellees, Dr. Pedro Montano and the "Justice of the Peace Court, Pct. 3 Pl. 2." 
He later amended his petition to include Judge Ismael "Melo" Ochoa, who is the justice of
the peace, Pct. 3, Pl. 2. Mendoza's pro se petition in district court complains about a
previous case that was tried in the justice of the peace court. His petition states that
Montano brought a vehicle to appellant to be repaired. According to Mendoza, Montano
was to provide the necessary parts to allow him to make the repairs but failed to provide
them. Mendoza asserts that Montano later filed a lawsuit against him in the justice of the
peace court. A judgment was entered against Mendoza in that court.

 Thereafter, Mendoza filed a suit in district court alleging causes of action for breach
of contract for failure of Montano to supply the necessary parts to fix the auto, slander and
violations of due process because the justice of the peace did not follow the rules of civil
procedure during Mendoza's trial. At a hearing on November 2, 2006, Mendoza agreed
that if the appellees agreed to vacate the justice of the peace court judgment, he would
agree to dismiss his district court case. The docket entry, made after the hearing, suggests
that the justice of the peace court judgment was to be vacated. 

 On January 11, 2007, an agreed order of dismissal with prejudice was signed by the
trial court in the district court case. The order states that all claims and causes of action
asserted by Mendoza, Montano, and Hidalgo County Justice of the Peace Pct. 3 Pl. 2 were
dismissed with prejudice. Mendoza filed a motion to reconsider on January 19, 2007,
arguing that the appellees committed a fraud upon the court because he had not agreed
to the dismissal. He also sought sanctions as part of his motion. On February 5, 2007, the
court held a hearing on the motion to reconsider the dismissal order. Mendoza did not
attend the hearing. The trial court denied the motion. 

 By one issue, Mendoza argues the district court erred in dismissing the case without
a hearing because it discriminated against appellant's disability (1), violated his due process
rights and his right to access the courts. His argument, however, complains of the trial
court's ruling denying his motion for reconsideration. 

II.

ANALYSIS


 Mendoza urges that the trial court erred by denying his motion to reconsider the
motion to dismiss without a hearing. The trial court held a hearing prior to the agreed order
of dismissal being entered. At that hearing, Mendoza said he would agree to a dismissal
if appellees agreed not to pursue the judgment. The issue he raises now is that he did not
attend the hearing on the motion to reconsider. Because Mendoza's motion to reconsider
in this particular case was the functional equivalent of a motion for new trial, we will review
the denial for abuse of discretion. Champion v. Twelfth Court of Appeals, 762 S.W.2d 898,
899 (Tex. 1988) (orig. proceeding); see Methodist Hosps. of Dallas v. Corporate
Commc'ns, Inc., 806 S.W.2d 879, 883 (Tex. App.-Dallas 1991, writ denied). 

 The record reflects that the court held a hearing on February 5, 2007. Mendoza did
not attend the hearing. An order, dated January 26, 2007, setting the case for February
5, 2007, appears in the clerk's record. 

 Counsel for one of the appellees suggested at the February 5th hearing that he had
received a motion to continue the hearing. However, no continuance motion appears in
the record or on the court's docket sheet. On January 29, 2007, Mendoza filed a request
to appear by telephone at a hearing set for "January 5, 2007." The record does not reflect
a ruling on this request, nor does it appear that he requested to appear by telephone at the
February 5th hearing. (2) 

 Even if we consider Mendoza's request to appear telephonically on February 5th,
there is nothing to suggest that he was prohibited from appearing. Further, there is nothing
in the record to show that Mendoza sought a continuance of the February 5th hearing by
filing a motion with the trial court. In the absence of a continuance motion before the court,
the trial court chose to proceed with the hearing. There was also no request after the
hearing suggesting the reason for appellant's absence. Without evidence or any
documentation showing that the trial court erred in some way, we cannot say that the trial
court abused its discretion in either not continuing the hearing on February 5th or by
denying his request for reconsideration.

 III.

CONCLUSION


 The agreed order of dismissal is affirmed. 

 

 

 

 ROSE VELA

 Justice


Memorandum Opinion delivered and 

filed this 28th day of February, 2008.
1. Mendoza asserts that he suffers from a severe medically recognized disability that substantially
impairs his ability to stay inside buildings.
2. It is certainly probable that appellant meant the February 5th hearing because it was after January
5th when he filed his request. For purposes of our analysis here, we will assume he meant the February 5th
hearing.