Bert A. NELSON, Appellant,

v.

REGIONS MORTGAGE, INC. and Barrett Burke Wilson Castle Daffin & Frappier, L.L.P., Appellees.

No. 05–04–00599–CV.

Court of Appeals of Texas, Dallas.

Aug. 17, 2005.

Mark H. How, Short, How & Frels P.C., Dallas, for Appellant.

Michael J. McKleroy, Robert F. Maris, Maris & Lanier, P.C., Dallas, for Appellee.

Before Justices FITZGERALD, RICHTER, and LANG–MIERS.

## OPINION

Opinion by Justice RICHTER.

Bert A. Nelson appeals the summary judgment rendered against him and in favor of appellees Regions Mortgage, Inc. and Barrett Burke Wilson Castle Daffin & Frappier, L.L.P. Nelson raises three issues on appeal, contending that the trial court erred (1) in granting appellees' no-evidence motions for summary judgment, (2) in granting appellees' traditional motion for summary judgment, and (3) in denying his traditional motion for summary judgment. We affirm.

## BACKGROUND

Nelson's son William was experiencing marital and financial difficulties. When William and his wife Karen defaulted on their mortgage, Regions retained Barrett Burke to enforce the deed of trust securing payment of the note. Through Barrett Burke, Regions accelerated the maturity of the note and posted the property for foreclosure. Nelson sought to purchase the note from Regions to avoid the foreclosure and, because Karen had filed for divorce, to deprive her of any community property interest in the house. William hand-delivered Nelson's payment to Barrett Burke to effectuate the purchase of the note from Regions. Over time, Nelson received an assignment of the mortgage and copies of the note and deed of trust. However, the original note and deed of trust were never delivered to Nelson.

William and Karen reconciled. They continued to live in the home, but they made no payments to Nelson after he purchased the note. Nelson never attempted to enforce the note against the couple. According to Nelson, his reason for foreclosing "disappeared" when Karen moved back into the house.

More than four years after the maturity of the note was originally accelerated, Nelson filed suit against Regions and Barrett Burke seeking to rescind the agreement to purchase the note. Specifically, Nelson sought to recover the purchase price of the note, plus interest, and to return ownership of the note to Regions. In addition, he sought damages for misrepresentation, fraudulent concealment, violations of the Texas Deceptive Trade Practice/Consumer Protection Act, and breach of contract. Finally, Nelson sought a declaratory judgment that Regions and Barrett Burke were obligated to deliver the original note and deed of trust or to refund his payments plus interest and attorney's fees.

## THE SUMMARY JUDGMENT MOTIONS

Appellees filed identical no-evidence motions for summary judgment. These motions challenged Nelson's ability to produce competent summary judgment evidence of each specific element of each of Nelson's claims against appellees, i.e., his claims for misrepresentation, fraudulent concealment, violations of the DTPA, breach of contract, rescission, and declaratory judgment.

At the same time, appellees filed a joint traditional motion for summary judgment, which also sought judgment on all of Nelson's claims against appellees. Here appellees attacked what they called the "premise" of Nelson's claims for relief: because Nelson did not receive the original note and deed of trust, he did not receive the benefit of his bargain. Appellees' traditional summary judgment motion attempted to establish that Nelson's damages, if any, were not caused by the failure to deliver the original documents. Instead, they were caused by Nelson's own failure to take any action to enforce the note against his son and daughter-in-law. In support of their joint motion, appellees offered deposition testimony of both Nelson and William establishing that Nelson did not ever attempt to enforce the note.

Nelson filed separate responses to appellees' no-evidence and traditional motions, and he filed his own traditional cross-motion for summary judgment on breach-of-contract and rescission grounds. Nelson's responses and motion were based on an identical articulation of forty-six "uncontroverted facts." The substance of these facts, Nelson argued, defeated appellees' motions and supported the granting of his own. Nelson also objected to appellees' no-evidence motions on procedural grounds, asserting the motions were improperly "global" in their attack on each element of every one of his claims.

Without specifying the grounds for its ruling, the trial court denied Nelson's motion and granted summary judgment in favor of Regions and Barrett Burke. Nelson appeals both rulings.

## APPELLEES' NO-EVIDENCE SUMMARY JUDGMENT MOTIONS

Nelson's first issue argues the trial court erred in granting appellees' no-evidence summary judgments on both procedural and substantive grounds. We disagree on both points.

### Adequacy of Motions

■ At the outset, Nelson objects to appellees' no-evidence motions for summary judgment, arguing the motions are defective because they challenge each element of each of his claims. According to Nelson, this renders the motions improper "global" motions. In support of this assertion, he relies solely on the comment to rule 166a(i), which explains that there may be no conclusory motions or general no-evidence challenges to an opponent's case.

■ A no-evidence summary judgment motion may be urged on the ground that there is no evidence of one *or more* essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. *See* TEX.R. CIV. P. 166a(i); *see also Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 682–83 (Tex.App.-Dallas 2000, no pet.). The rule plainly allows the movant to identify whatever elements he believes are unsupported by evidence; it imposes no restrictions on the number of challenges that may be made. Because appellees' no-evidence motions for summary judgment complied with the requirements of rule 166a(i) by specifically identifying each challenged element of each claim, we conclude the motions

were not defective and Nelson's objection is without merit.

## Sufficiency of Nelson's Response to Appellees' No–Evidence Summary Judgment Motions

 Nelson next argues that his summary judgment evidence sufficed to raise material issues of fact on all elements of each of his claims. A no-evidence motion for summary judgment places the burden on the nonmovant to present summary judgment evidence raising a genuine issue of material fact. *See* Tex.R. Civ. P. 166a(i); *see also Espalin*, 27 S.W.3d at 683. A no-evidence summary judgment is improperly granted if the nonmovant presents more than a scintilla of evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997). In determining whether the nonmovant has met his burden, we consider the evidence in the light most favorable to the nonmovant. *Gen. Mills Rests. Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 833 (Tex.App.-Dallas 2000, no pet.). We affirm a summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004).

### *Nelson's Claims for Damages*

We look first at Nelson's claims for damages on theories of misrepresentation, fraudulent concealment, DTPA violation, and breach of contract. Having reviewed the record, we disagree that Nelson's summary judgment evidence successfully raises material fact issues on the elements of these claims.

██ At the outset, we address Nelson's purportedly separate claims for misrepresentation and fraudulent concealment. Misrepresentation and fraudulent concealment are not separate causes of action. Instead, a misrepresentation is an essential element of common law fraud. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex.1998). Concealment by silence, or fraudulent concealment, is a type of misrepresentation. *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 435 (Tex.1986) (silence is equivalent to false representation when circumstances impose duty to speak and one deliberately remains silent). Therefore, we treat Nelson's complaints of misrepresentation and fraudulent concealment as complaints of common law fraud.

 Evidence of injury or damage to the plaintiff is an essential element of fraud, violation of the DTPA, and breach of contract. *Formosa Plastics*, 960 S.W.2d at 47 (elements of fraud); *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex.1995) (elements of DTPA action); *Southwell v. Univ. of Incarnate Word*, 974 S.W.2d 351, 354–55 (Tex.App.-San Antonio 1998, pet. denied) (elements of breach of contract). In his response to the no-evidence motions, Nelson identified his injury as his inability to receive payments from William despite having purchased the note evidencing William's debt.[1]

After reviewing Nelson's summary judgment evidence, we conclude that Nelson failed to present more than a scintilla of evidence to raise a genuine issue of material fact with respect to damages he in-

---

1. Nelson identifies this injury in terms of his misrepresentation claim. We read his response to claim this same injury as the basis of all of his claims for damages. He identifies no other injury that might support an award of damages.

curred because he did not receive the note and deed of trust. Nelson offered no evidence that he made a demand on William to pay what he owed and that William refused. On the contrary, Nelson's evidence establishes that he initially thought he would have to carry the note or foreclose because William had no ability to refinance the transaction. Nelson offered no evidence that he attempted to foreclose. Instead, the evidence suggests Nelson chose to carry the note rather than attempt to enforce it. His evidence does not raise a genuine issue of material fact concerning any injury he suffered that was caused by a failure to deliver the original instruments.

We conclude Nelson failed to carry his burden of proof with respect to his claims of fraud, violation of the DTPA, and breach of contract and that the trial court properly granted summary judgment with respect to these claims for damages.

### Rescission

■ Rescission is an equitable remedy that is available in some circumstances to a claimant that has been injured by such violations as breach of contract or fraud. *Boyter v. MCR Const. Co.*, 673 S.W.2d 938, 941 (Tex.App.-Dallas 1984, writ ref'd n.r.e.). Nelson pleaded entitlement to rescission "because of a failure of consideration, to wit: [appellees] have not and apparently cannot deliver to [Nelson] the original Note and Deed of Trust." Appellees' no-evidence summary judgment motion challenged Nelson to come forward with evidence showing his entitlement to this equitable remedy. He has not done so. We have already concluded Nelson failed to raise a material issue of fact concerning any injury he suffered that was caused by his failure to receive the original documents. Moreover, we are not persuaded to extend an equitable remedy in this case. Nelson clearly accepted one benefit of his bargain: his purchase of the accelerated note saved William's home from foreclosure and relieved William of four years of obligation on the note. Then Nelson delayed in asserting his claim for rescission until Regions' claim against William on the note had been extinguished by limitations. Equitable relief is not appropriate in this case.

We conclude Nelson failed to carry his burden with respect to his claim for rescission and that the trial court properly granted summary judgment with respect to this claim.

### Declaratory Relief

■ To be entitled to declaratory relief, Nelson was required to establish a justiciable controversy within the trial court's jurisdiction. *See Grinnell v. Munson*, 137 S.W.3d 706, 720 (Tex.App.-San Antonio 2004, no pet.). Nelson pleaded for a declaration that appellees were required to deliver the original note and deed of trust to him or to refund his payments. We have concluded Nelson has no claim against appellees based on the failure to deliver the original loan instruments to him. Accordingly, there is no basis for a judicial declaration on those grounds, and the trial court properly granted summary judgment on Nelson's declaratory judgment claim. *See id.* (when summary judgment properly granted on two causes of action pending, and no evidence offered of any other imminent cause of action, summary judgment properly granted on claim for declaratory relief).

We have affirmed the trial court's no-evidence summary judgment on each of Nelson's claims for relief. We decide Nelson's first issue against him. Given that resolution, we need not address Nelson's second issue concerning appellees' tradi-

tional motion for summary judgment. *See Joe,* 145 S.W.3d at 157.

### NELSON'S MOTION FOR SUMMARY JUDGMENT

In his third issue, Nelson contends the trial court erred in denying his cross-motion for summary judgment. Again, we disagree.

■■■ When the plaintiff moves for summary judgment on its own cause of action, the plaintiff must prove it is entitled to summary judgment by establishing each element of its claim as a matter of law. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986). Nelson's cross-motion is based on the identical grounds as his opposition to appellees' traditional and no-evidence summary judgment motions. Specifically, Nelson argues he is entitled to summary judgment on his breach of contract and rescission claims because he did not receive the original note, he received no payment on the note, and he could not have enforced the note in his role as "owner."

Appellees' response to Nelson's cross-motion incorporated the evidence they offered in support of their traditional motion for summary judgment. This record includes uncontroverted evidence from both Nelson and William that Nelson never attempted to enforce the note.

■■■ Nelson argues, however, that he could not legally have enforced the note had he tried to do so because he lacked possession of the original instrument. Nelson did receive a certified copy of the note and an assignment of the note from appellees.[2] We agree that Nelson was not a "holder" of the note within the meaning of the law of negotiable instruments. *See* TEX. BUS. COMM.CODE ANN. § 3.201(a) (Vernon 2002) (defining "negotiation" as "a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder."). However, under certain circumstances, Texas law provides that:

> even if a person is not the holder of a note, he may still be able to prove that he is the owner and entitled to enforce the note, foreclose on collateral and obtain a deficiency judgment under common-law principles of assignment.

*Leavings v. Mills,* —— S.W.3d ——, ——, 2004 WL 1902536 at *5 (Tex.App.-Houston [1st Dist.] Aug. 26, 2004, no pet.). Likewise, under certain circumstances, common law principles of agency allow enforcement of a note by one not in possession. *See, e.g., Aquaduct, L.L.C. v. McElhenie,* 116 S.W.3d 438, 443 (Tex.App.-Houston [14th Dist.] 2003, no pet.). The law of negotiable instruments is supplemented not only by principles of law such as assignment and agency, but also by principles of equity. TEX. BUS. & COMM. CODE § 1.03(b) (Vernon Supp.2004–05). Thus, we cannot say a court would never uphold enforcement of a note by an owner who was not in possession of an original note. When Nelson chose not to attempt to enforce the note, he deprived the trial court of a specific set of facts to which the law could be applied. Instead, Nelson asked the trial court-and asks this Court-to speculate that, if demand had been made, his son would have refused to pay the debt. He further asks us to speculate that his son's hypothetical refusal would have been based on Nelson's inability to produce the original note. We decline Nelson's invitation to speculate as to such an injury.

---

**2.** Nelson argues the assignment was not valid. Resolution of the appeal does not require resolution of the validity of the assignment.

We conclude Nelson has not established that he suffered any damages as a result of the failure of appellees to deliver the original note to him. On the contrary, the summary judgment record establishes that any damages Nelson may have incurred were caused by his failure to take any action to enforce the note. Speculation as to what might have happened had Nelson attempted to enforce the note is no basis for summary judgment.

Nelson has not proved he is entitled to summary judgment on his breach of contract or rescission claims. We decide Nelson's third issue against him.

### CONCLUSION

We conclude the trial court properly granted appellees' no-evidence motion for summary judgment and properly denied Nelson's cross-motion for summary judgment. Accordingly, we affirm the summary judgment orders of the trial court.