Opinion filed July 27, 2006

















 
 
  
 
 







 
 
  
 
 




Opinion filed July 27, 2006

 

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00274-CV 

                                                    __________

 

        MARIE UDCOFF, AS PRESIDENT OF BIRDS ETC., LLC,
Appellant

 

                                                             V.

 

             PATSY
L. CASTILLE D/B/A CRITTER CORNER AND MARY 

                      CLARK D/B/A FARMER=S
DAUGHTER, Appellees

 



 

                                          On
Appeal from the 91st District Court

 

                                                        Eastland County, Texas

 

                                             Trial
Court Cause No. CV-02-39101

 



 

                                              M
E M O R A N D U M   O P I N I O N

Appellant, Marie Udcoff, as president of Birds
Etc., LLC, appeals from the trial court=s
judgment in favor of appellees, Patsy L. Castille d/b/a Critter Corner and Mary
Clark d/b/a Farmer=s
Daughter.  We affirm.

                                                               Background
Facts








Appellant is the owner and president of Birds
Etc., LLC.  Birds Etc. is in the business
of breeding and marketing birds and small animals.  Birds Etc. supplied inventory to Petco
stores.   Appellees signed independent
contractor agreements with Birds Etc., providing for the warehousing and
delivery of Birds Etc.=s
inventory.  The written independent
contractor agreements were limited in their terms.  The warehouse agreements provided that
appellees would perform services, Aincluding
but not limited to the maintenance of live inventory, on behalf of [Birds
Etc.].@  The delivery agreements provided that
appellees would be Aperforming
delivery services on behalf of [Birds Etc.].@  By oral agreement, appellant agreed to pay
appellees a total of $1,400 ($700 each) a week for their services.  Each 
written independent contractor agreement provided that either party Amay cancel [the] Agreement by giving
the other party notice of the intent to cancel.@

Appellees began warehousing and taking care of
Birds Etc.=s
inventory in Eastland, Texas.  The inventory included thousands of birds and
thousands of small animals.  Appellee
Clark transported inventory from appellant=s
warehouse in Irving
to appellees=
warehouse in Eastland; performed various delivery services for Birds Etc.; and
prepared orders for shipment.

On June 2, 2002, appellees terminated the written
independent contractor agreements.  In a
June 2, 2002 letter, appellee Clark informed appellant that she would continue
to do her job, as adequately as she could, until appellant could find someone
else to take over and retrieve her belongings from appellee Clark=s property.  Appellant made trips to Eastland to retrieve
Birds Etc.=s
inventory, and then various disputes arose between the parties.  Appellant claimed that, before she could
remove all of her property, including various breeder birds, appellees denied
her access to their facility in Eastland. 
Appellees claimed that appellant agreed to pay them for caring for the
inventory until appellant picked up the last of the inventory and equipment in
mid-August 2002 but that appellant failed to pay them.    








On August 29, 2002, appellant, represented by
counsel, brought this action against appellees, alleging claims for breach of
contract, conversion, and recovery of attorney=s
fees and costs.  She asserted that
appellees had breached Athe
contract@ (1) by failing
to properly care for the animals and birds, (2) by failing to pay and repay the
costs of vans and a building, and (3) by failing to return property owned by
her.  Appellant further alleged that
appellees= failure
and refusal to return her property constituted conversion.  She alleged that she suffered damages not
exceeding $300,000.  In amended
pleadings, appellant alleged claims for breach of contract, conversion,
negligence, gross negligence, equitable recovery of property, and recovery of
attorney=s fees
and costs.  Appellees filed a
counterclaim, seeking recovery for the value of the services they performed
after the cancellation of their independent contractor agreements.  They also sought to recover their attorney=s fees and costs.

In December 2002, appellees served a request for
disclosure, interrogatories, and a request for production on appellant.  Appellant failed to respond to the discovery
in a timely manner.  On November 4, 2003,
the trial court entered an order allowing appellant=s
counsel to withdraw and substituting new counsel of record on behalf of
appellant.  As of that date, appellant
still had not responded to appellees=
discovery requests. 

On December 12, 2003, more than a month after the
substitution of appellant=s
counsel, appellees filed no-evidence motions for summary judgment.  In the motions, they challenged elements of
all of appellant=s claims
for affirmative relief.  They asserted
that no evidence supported the challenged elements of appellant=s claims.  The motions included notices of hearing for
January 7, 2004.  Appellees served the
motions on appellant=s
new counsel of record.  On December 17,
2003, the trial court set the cause for trial on February 2, 2004.

On January 7, 2004, the date set for the summary
judgment hearing, appellant=s
counsel filed a motion for continuance of the summary judgment hearing.  Appellant=s
counsel stated the following in the motion: (1) that appellees filed their
no-evidence motions before he received the file from appellant=s previous counsel of record; (2) that
he did not receive the file until December 16, 2003; (3) that appellees failed
to provide him with adequate time to respond to the no-evidence motions and
numerous discovery items; (4) that, due to the sheer volume of the file, he
could not have known all that was contained in the file, all the discovery that
had not been answered, or the appropriate responses to the no-evidence motions
for summary judgment; (5) that his office was closed various Christmas holidays
(December 24-26) and New Year=s
Day holidays (January 1-2); (6) that, on December 29, 2003, he was injured in a
major automobile accident and that he did very limited work the following week
due to the injuries; and (7) that he was still injured as a result of the
injuries.  Appellant=s counsel did not explain why it took
him from November 4, 2003, (the day he substituted in as appellant=s counsel) until December 16, 2003, to
obtain the file from appellant=s
previous counsel.








The trial court heard the motion for continuance
on January 7, 2003.  The trial court
granted the motion and gave appellant until the following day to file a
response to the no-evidence motions for summary judgment.  The trial court rescheduled the hearing on
the no-evidence motions for summary judgment for January 15, 2004.  On January 8, 2004, appellant filed her
response to the no-evidence motions for summary judgment.  Although appellees had moved for summary
judgment on all of her claims, her response only addressed the
breach-of-contract claim.  Appellees
replied to appellant=s
response and objected to appellant=s
summary judgment evidence on various grounds. 
After the hearing, the trial court entered an order granting summary
judgment to appellees on appellant=s
claims for affirmative relief.  The trial
court also entered an order sustaining all of appellees=
objections to appellant=s
summary judgment evidence.

The trial court continued the trial setting on
appellees= claims
for affirmative relief until April 5, 2004. 
On March 5, 2004, appellant responded to appellees= fourteen-month-old discovery
requests.  Appellant designated her
counsel as an expert on attorney=s
fees issues, and she designated herself as an expert on issues relating to the
trade and care of exotic birds.  She also
designated sixty-six persons as having knowledge of relevant facts.  Because appellant had failed to respond to
the discovery requests in a timely manner, appellees filed a motion to exclude
testimony from the experts and sixty-six fact witnesses and evidence pertaining
to newly disclosed factual matters. 
Appellees also sought to exclude any testimony and evidence on issues
that had been decided by the trial court=s
no-evidence summary judgments on appellant=s
affirmative claims for relief.

On April 1, 2004, the trial court heard appellees= motion to exclude.  At the hearing, appellant=s counsel stated that he did not think
it would be necessary for him to present any expert testimony in the case.  Based on this statement, the trial court
granted the motion to exclude as it pertained to expert witnesses.  By order signed on April 5, 2004, the trial
court granted appellees=
motion to exclude in its entirety.








The case proceeded to jury trial on April 5, 2004,
on appellees= claims
for affirmative relief.  Appellees= counsel testified as an expert witness
on attorney=s fees
issues.  The jury found in favor of
appellees on their claims and awarded each appellee the sum of $5,600 in actual
damages.  The jury also awarded attorney=s fees through trial in the amount of
$10,000.  However, although appellees= counsel had presented testimony on
appellate attorney=s fees,
the jury did not award any amount for appellate attorney=s
fees.  Appellees filed a motion to
disregard the jury findings on appellate fees. 
After a hearing, the trial court set aside the jury=s findings on appellate attorney=s fees and rendered judgment for
appellees, awarding them the sum of $5,600 each in actual damages, the sum of
$10,000 in attorney=s fees
through trial, plus the further sum of $4,500 in attorney=s fees in the event of a successful
appeal to the court of appeals, plus the further sum of $8,000 in attorney=s fees in the event of a successful
appeal to the Texas Supreme Court.

                                                                 Issues
on Appeal

Appellant  presents
four issues for review.  In her first
issue, she argues that the trial court erred in granting appellees= no-evidence motions for summary
judgment on her affirmative claims for relief. 
In her second issue, she contends that the trial court erred in failing
to reconsider the no-evidence motions for summary judgment after the trial date
was reset because the new setting automatically extended the due date for her
written discovery answers.  Because of
the new discovery deadline, appellant contends that her failure to answer the
discovery before the summary judgment hearing was no longer a basis for
excluding her summary judgment evidence. 
In her third issue, appellant argues that the trial court erred in
granting appellees= motion
to exclude evidence. In her fourth issue, appellant argues that the trial court
erred in disregarding the jury=s
findings as to appellees=
appellate attorney=s fees.

                                                         Summary
Judgment Issues

In her first issue, appellant complains that the
trial court erred in granting no-evidence summary judgments to appellees.  Appellant raises a number of sub-issues to
her first issue, including the following: 
(1) that appellees=
motions for summary judgment were defective because the motions challenged each
element of all of her causes of action; (2) that the trial court abused its
discretion in failing to give her a continuance of more than one day to respond
to the no-evidence motions; (3) that her summary judgment evidence raised a
fact issue on her breach-of-contract claim; (4) that the trial court erred in
sustaining appellees=
objections to her summary judgment evidence; and (5) that the trial court erred
in requiring her to raise fact issues on appellees=
affirmative defenses because that requirement improperly shifted the summary
judgment burden of proof.








Adequacy of Motion

Tex.
R. Civ. P. 166a(i) requires that
no-evidence motions for summary judgment Astate
the elements as to which there is no evidence.@  The comments to Rule 166a(i), which are Aintended to inform the construction and
application of the rule,@
state that A[t]he
motion must be specific in challenging the evidentiary support for an element
of a claim or defense@
and that Aparagraph
(i) does not authorize conclusory motions or general no-evidence challenges to
an opponent=s case.@ See Rule 166a(i) cmt.  Thus, under the rule, a no-evidence motion
for summary judgment must state the specific elements as to which there is no
evidence; the motion must not be general or conclusory.  See Rule 166a(i); Johnson v. Brewer
& Pritchard, P.C., 73 S.W.3d 193, 207 (Tex.
2002); In re Estate of Swanson, 130 S.W.3d 144, 147 (Tex. App.CEl
Paso 2003, no pet.).  

Appellant argues that, because appellees= no-evidence motions for summary
judgment challenged each element of all of her claims, the motions were global
and conclusory and that, therefore, the motions did not meet the requirements
of Rule 166a(i).  However, in the
motions, appellees listed the elements of appellant=s
claims and specifically identified each challenged element of each claim.   Therefore, appellees did not make a general
no-evidence challenge to appellant=s
claims.  

In Nelson v. Regions Mortgage, Inc., 170
S.W.3d 858, 861 (Tex. App.CDallas
2005, no pet.),  the appellant argued
that the appellees=
no-evidence motions for summary judgment were Aglobal@ and failed to satisfy the requirements
of Rule 166a(i) because they challenged each element of all of his claims.  The Nelson court held that the
appellees=
no-evidence motions for summary judgment met the requirements of Rule
166a(i).  The court explained:         

A no-evidence summary judgment motion may be urged
on the ground that there is no evidence of one or more essential
elements of a claim or defense on which the adverse party would have the burden
of proof at trial.  See TEX. R.
CIV. P. 166a(i); see also Espalin v. Children=s
Med. Ctr. of Dallas,
27 S.W.3d 675, 682-83 (Tex. App. B
Dallas 2000, no pet.).  The rule plainly
allows the movant to identify whatever elements he believes are unsupported by
evidence; it imposes no restrictions on the number of challenges that may be
made.  Because appellees= no-evidence motions for summary
judgment complied with the requirements of rule 166a(i) by specifically
identifying each challenged element of each claim, we conclude the motions were
not defective and [the appellant=s]
objection is without merit.    

 








Nelson, 170 S.W.3d at 861-62. We agree with the reasoning
in Nelson.  In this case,
appellees=
no-evidence motions for summary judgment complied with the requirements of Rule
166a(i) because they specifically identified each element of each challenged
claim.

Continuance of Summary Judgment Hearing

Appellant filed her motion for continuance of the
summary judgment hearing on January 7, 2004, the date that the no-evidence
motions for summary judgment were set for hearing.  The trial court granted appellant=s motion for continuance and gave her
until the next day to file her response to the motions.  Appellant contends that the trial court
abused its discretion in failing to give her more than one day to respond to
the motions.  We review a trial court=s ruling on a motion for continuance of
a summary judgment hearing under an abuse of discretion standard.  Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 685 (Tex.
2002); Tenneco Inc. v. Enter. Prods. Co., 925 S.W.2d 640, 647 (Tex. 1996).  A trial court abuses its discretion in this
context only if the record clearly demonstrates that the denial was arbitrary
and unreasonable.  Finlan v. Dallas Indep. Sch. Dist.,
90 S.W.3d 395, 412 (Tex. App.CEastland
2002, pet. denied).  It is generally not
an abuse of discretion by the trial court to deny a motion for continuance of a
summary judgment hearing if the party has received the twenty-one-day notice of
the hearing required by Tex. R. Civ.
P. 166a(c).  Finlan, 90 S.W.3d at
412. 

On November 4, 2003, the trial court entered its
order substituting counsel of record for appellant.  Appellees filed their no-evidence motions for
summary judgment on December 12, 2003, and served the motions on appellant=s new counsel of record.  Appellees included notices of hearing in the
motions indicating that they had been set for hearing on January 7, 2004.  Thus, the record shows that appellant
received more than twenty-one days notice of the hearing date.








In the motion for continuance, appellant=s counsel stated that appellees filed
their no-evidence motions for summary judgment before he received appellant=s file from her former counsel.  Appellant=s
counsel also stated that appellees failed to allow him an adequate amount of
time to respond to the no-evidence motions for summary judgment or the
outstanding discovery requests.  However,
appellees did not file their no-evidence motions for summary judgment until
more than a month after the substitution of counsel.  Appellant=s
counsel did not provide the trial court with an explanation as to why it took
him until December 16, 2003, (forty-two days after he became appellant=s counsel of record) to obtain the file
from appellant=s prior
counsel.  In the absence of such evidence,
and given that appellant=s
counsel received more than the twenty-one-day notice of the hearing required by
Rule 166a(c), the record does not demonstrate that the trial court abused its
discretion in failing to grant appellant additional time to respond to
appellees=
no-evidence motions for summary judgment.

Review of No-Evidence Summary Judgments

Appellant argues that the trial court erred in
granting no-evidence summary judgments to appellees because she raised a fact
issue on her breach-of-contract claim. 
We must review a no-evidence summary judgment under the same standard as
a directed verdict.  King Ranch, Inc.
v. Chapman, 118 S.W.3d 742, 750-51 (Tex.
2003).  Accordingly, we examine the
record in the light most favorable to the nonmovant and disregard all contrary
evidence and inferences.  Id.; Wal-Mart Stores, Inc. v. Rodriguez, 92
S.W.3d 502, 506 (Tex.
2002).  A trial court must grant a proper
no-evidence motion for summary judgment unless the nonmovant produces more than
a scintilla of probative evidence to raise a genuine issue of material
fact.  Rule 166a(i); Wal-Mart, 92
S.W.3d at 506.

Appellant alleged the following affirmative claims
for relief: (1) breach of contract; (2) conversion; (3) negligence; (4) gross
negligence; and (5) equitable recovery of property.  Appellees=
no-evidence motions for summary judgment challenged elements of all of these
claims.  Appellant had the summary
judgment burden of establishing a genuine issue of material fact as to the
elements challenged in appellees=
motions.  In her response to the motions,
appellant only addressed the no-evidence grounds pertaining to her
breach-of-contract claim.  Because she
did not present any evidence in response to appellees=
no-evidence grounds pertaining to her conversion, negligence, gross negligence,
and equitable-recovery-of-property claims, we affirm the summary judgments in
favor of appellees on these claims.  See
Franco v. Slavonic Mut. Fire Ins. Ass=n,
154 S.W.3d 777, 790 (Tex.
App.CHouston
[14th Dist.] 2004, no pet.).








We, therefore, address whether summary judgment
was proper on appellant=s
breach-of-contract claim.  The elements
of a breach-of-contract claim are as follows: 
(1) the existence of a valid contract; (2) performance or tendered
performance by the plaintiff; (3) breach of the contract by the defendant; and
(4) damages sustained by the plaintiff as a result of the breach.  Valero Mktg. & Supply Co. v. Kalama
Int=l, 51
S.W.3d 345, 351 (Tex. App.CHouston
[1st Dist.] 2001, no pet.); Aquila Sw. Pipeline, Inc. v. Harmony
Exploration, Inc., 48 S.W.3d 225, 235 (Tex. App.CSan
Antonio 2001, pet. denied).  In their
no-evidence motions for summary judgment, appellees challenged the first,
third, and fourth elements of a breach-of-contract claim.

Appellant argues that she raised a fact issue on
her breach-of-contract claim.  Appellant
attached her affidavit and a number of exhibits to her response to appellees= no-evidence motions for summary
judgment.  In the response, appellant
stated that she incorporated by reference her pleadings on file in the cause
and that the pleadings Afurther
set forth summary judgment proof of the existence of material fact concerning
[appellant=s] claim
for breach of contract.@  In her affidavit, appellant stated that all
of the allegations in her pleadings were true and correct.  However, pleadings do not constitute
competent summary judgment evidence, even if sworn or verified.  Laidlaw Waste Sys. (Dallas),
Inc. v. City of Wilmer, 904 S.W.2d 656,
660-61 (Tex. 1995); City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex.
1979).  Appellant verified her response
to the no-evidence motions for summary judgment, stating that Aevery statement is within my personal
knowledge and is true and correct.@  A verification attached to a summary judgment
response that the contents of the response are within the affiant=s knowledge and are true and correct is
not sufficient to prevent summary judgment. 
See Webster v. Allstate Ins. Co., 833 S.W.2d 747, 749
(Tex. App.CHouston
[1st. Dist.] 1992, no writ).  To
effectively oppose a motion for summary judgment, the affidavit must itself set
forth facts and show that the affiant is competent to testify to those
facts.  Id.;
Keenan v. Gibraltar Savs. Ass=n, 754 S.W.2d 392, 394 (Tex. App.CHouston [14th Dist.] 1988, no writ).
            

Appellees raised a number of objections to
appellant=s summary
judgment affidavit and exhibits.  The
trial court sustained all of the objections. 
We need not address whether the trial court erred in sustaining the
objections because, as explained below, even assuming that appellant=s affidavit and exhibits were competent
summary judgment evidence, the affidavit and exhibits failed to raise a fact
issue on appellant=s
breach-of-contract claim.








Appellant stated the following in her affidavit:
(1) that she placed her breeder birds in the care of appellee Clark with the
understanding that, when production occurred, they would split the proceeds
(the babies); (2) that, when their business relationship ended, appellee Clark
advised her to remove her belongings from appellee Clark=s
property; (3) that, in addition to animals and birds that she had placed on
appellee Clark=s
premises in a different business transaction, appellant assumed that appellee
Clark intended her to remove her breeder birds also; (4) that, when appellant
attempted to tour appellee Clark=s
premises to assess what was needed to transport everything off of the premises,
appellee Clark ordered her off of the premises; (5) that, after appellant=s employees removed part of her
belongings from appellee Clark=s
property, appellant realized that appellee Clark was not going to allow her to
take possession of her breeder birds; (6) that, at that point, appellee Clark
made it clear to appellant that appellee Clark felt the breeder birds had been
gifted to her; (7) that, before appellant could remove the remainder of her
belongings and birds from appellee Clark=s
property, appellee Clark wrote her a letter stating that she could no longer
have access to appellee Clark=s
property; (8) that appellant abided by the normal breeding loan agreement of aviculturists
in that she supplied the breeder birds, appellee Clark provided the care and
maintenance for the birds, and they split the proceeds (the babies); and (9)
that appellant never implied that the breeder birds were a gift to appellee
Clark.

Appellant attached appellee Castille=s independent contractor agreement with
Birds Etc., providing for the warehousing of inventory, as Exhibit AA@
to her response to the no-evidence motions for summary judgment.  Exhibit AA@ was signed on January 15, 2002, and
provided that appellee Castille would perform services, Aincluding
but not limited to the maintenance of [Birds Etc.=s]
live inventory, on behalf of [Birds Etc.].@  Appellant attached appellee Clark=s independent contractor agreement with
Birds Etc., providing for the delivery of inventory, as Exhibit AB@
to her response.  Exhibit AB@
was signed on August 5, 2001, and provided that appellee Clark
would be Aperforming
delivery services on behalf of [Birds Etc.].@  Exhibits AA@ and AB@ provided that the parties could cancel
the agreements by giving the other party notice of intent to cancel.  Appellant attached a number of other exhibits
(Exhibits AC@ through AN@) to her response, including invoices
for birds, documents listing birds, and other documents pertaining to the
business relationship between appellant and appellees.








In her response, appellant stated that the trial
court should deny appellees=
no-evidence motions for summary judgment based on her attached exhibits.  However, appellant did not offer any evidence
showing how her exhibits (Exhibits AC@ through AN@) related to appellees= independent contractor agreements
(Exhibits AA@ and AB@), any other alleged agreement, or her
breach-of-contract claim.  Appellant=s affidavit also did not provide any
testimony showing that appellees had breached their independent contractor
agreements or any other agreement.  In
fact, appellant=s
affidavit did not refer to the independent contractor agreements.  Although appellant states in her affidavit
that appellee Clark did not let her remove some of her property, appellant did
not provide any evidence that appellee Clark=s refusal to let her remove property
constituted a breach of the independent contractor agreements or any other
agreement.

A significant portion of appellant=s affidavit deals with breeder
birds.  The independent contractor
agreements did not specifically refer to breeder birds, and appellant did not
provide any summary judgment evidence showing that the breeder birds were
subject to the independent contractor agreements.  Instead, appellant apparently relied on the
existence of an oral agreement to support her breach-of-contract claim.  She stated in her affidavit that she abided
by Athe normal breeding loan agreement of
aviculturists.@  However, appellant failed to provide any
summary judgment evidence as to any term of the oral agreement that appellees
breached.

Thus, appellant did not present any summary
judgment evidence showing that appellees breached the term of any
contract.  Additionally, appellant did
not present any summary judgment evidence showing that she was damaged as a
result of appellees= breach
of a contract.  Because appellant did not
present evidence raising a genuine issue of fact as to breach or damages, we
conclude that the no-evidence summary judgments were proper on appellant=s breach-of-contract claim.  

Appellees also moved for no-evidence summary
judgments on standing and capacity issues and on their statute of frauds
affirmative defense.  Appellant argues
that the trial court erred in requiring her to raise fact issues on these
matters because the requirement improperly shifted the summary judgment burden
of proof.  The trial court properly
granted summary judgment based on appellant=s
failure to raise fact issues on her affirmative claims for relief.  Therefore, we need not address whether the
trial court improperly shifted the summary judgment burden of proof on these
other issues.  We overrule appellant=s first issue.

                                   Reconsideration
of No-Evidence Summary Judgments








Appellees objected to appellant=s summary judgment evidence on the
ground that appellant had failed to respond to appellees=
discovery requests.  The trial court
sustained all of appellees=
objections to appellant=s
summary judgment evidence.  In her second
appellate issue, appellant contends that the trial court erred in failing to
reconsider the no-evidence motions for summary judgment after the trial date
was reset because the new setting automatically extended the due date for her
written discovery answers.  Because of
the new discovery deadline, appellant asserts that, if the trial court properly
granted the summary judgments based on appellant=s
failure to respond to appellees=
discovery requests, the trial court should have reconsidered the motions when
she served her discovery responses and effectively cured appellees= complaint.

When a trial court properly grants a motion for
summary judgment, it is under no obligation to grant a motion for
reconsideration.  Methodist Hosps. of
Dallas v. Corporate Communicators, Inc., 806 S.W.2d 879, 883 (Tex. App.CDallas 1991, writ denied).  We review a trial court=s decision to grant or deny a motion
for reconsideration under an abuse of discretion standard.  Id.  As we held above, even assuming that appellant=s affidavit and exhibits were competent
summary judgment evidence, the trial court properly granted the no-evidence
summary judgments because appellant=s
evidence failed to raise a fact issue on her breach-of-contract claim.  Therefore, the trial court had no obligation
to reconsider the no-evidence summary judgments.  Methodist Hosps., 806 S.W.2d at
883.  

Additionally, the record does not demonstrate that
appellant filed a motion for reconsideration in the trial court.  Therefore appellant did not preserve this
complaint for appellate review.  Tex. R. App. P. 33.1(a)(1).  We overrule appellant=s
second issue. 

                                                 Trial
Court=s
Exclusion of Evidence

On December 6, 2002, appellees served a request
for disclosure and interrogatories on appellant.  On December 27, 2002, appellees served a
request for production on appellant.  Appellant
did not serve responses to the discovery requests until March 5, 2004,
thirty-one days before the April 5, 2004 trial setting.  On the same date, appellant filed an answer
to appellees=
affirmative claims for relief.  In the
answer, appellant alleged defensive Aoffset@ claims raising issues that had been
determined by the trial court=s
no-evidence summary judgments.  Appellant
stated facts in support of her defensive claims in response to appellees= request for disclosure.  Appellant also designated herself and her
counsel as expert witnesses and sixty-six persons as having knowledge of
relevant facts in her response to the request for disclosure.








Appellees filed a motion to exclude evidence based
on appellant=s late
discovery responses, including the following evidence: (1) any expert testimony
from appellant or her counsel; (2) any testimony from the sixty-six persons
listed as having knowledge of relevant facts; and (3) any evidence of newly
disclosed factual matters.  Appellees
also sought to exclude any evidence relating to the issues that had been determined
by the trial court=s
no-evidence summary judgments.  The trial
court granted appellees=
motion to exclude in its entirety, ordering as follows: (1) that appellant was
forbidden from offering expert testimony from herself or her counsel; (2) that
appellant was forbidden from presenting factual testimony from any person
listed in the discovery responses, with the sole exception of appellant; (3)
that appellant was forbidden from presenting evidence that re-urged or
relitigated those causes of action previously disposed of by the summary
judgments; and (4) that appellant was forbidden from presenting evidence
produced in the March 5, 2004 discovery responses.

In her third appellate issue, appellant argues
that the trial court erred in granting appellees=
motion to exclude.  A trial court=s decision to admit or exclude evidence
is reviewed for abuse of discretion. Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 906 (Tex. 2000); Moore v. Mem=l
Hermann Hosp. Sys., Inc., 140 S.W.3d 870, 873 (Tex. App.C
Houston [14th Dist.] 2004, no pet.). 
Unless a trial court=s
erroneous evidentiary ruling probably caused the rendition of an improper
judgment, we will not reverse the judgment. 
Id.  

Appellant did not respond to appellees= discovery requests until more than
fourteen months after they were served.  Tex. R. Civ. P. 193.6 governs untimely
discovery responses:  

(a) Exclusion of Evidence and Exceptions.  A party who fails to make, amend, or
supplement a discovery response in a timely manner may not introduce in
evidence the material or information that was not timely disclosed, or offer
the testimony of a witness (other than a named party) who was not timely
identified, unless the court finds that:

 

(1) there was good cause for the failure to timely
make, amend, or supplement the discovery response; or 

 

(2) the failure to timely make, amend, or
supplement the discovery response will not unfairly surprise or unfairly
prejudice the other parties.

 








(b) Burden of Establishing Exception.  The burden of establishing good cause or the
lack of unfair surprise or unfair prejudice is on the party seeking to
introduce the evidence or call the witness. 
A finding of good cause or of the lack of unfair surprise or unfair
prejudice must be supported by the record.    
         

 

Rule 193.6(a), (b).  The
penalty under Rule 193.6 for a party=s
failure to respond to a discovery request is the mandatory exclusion of the
unidentified witness or evidence sought. 
See Alvarado v. Farah Mfg. Co., 830 S.W.2d 911, 914 (Tex. 1992); F & H Inv. Inc. v. State, 55
S.W.3d 663, 669 (Tex.
App.CWaco
2001, no pet.).

At the hearing on the motion to exclude, appellant=s counsel stated that he had responded
to the discovery requests Aas
fast as it was absolutely possible to do@
and that he had worked as hard as he could to respond to them.  Appellant substituted in as appellant=s counsel of record on November 4,
2003, but appellant did not respond to the discovery requests until March 5,
2004.  The trial court could have
reasonably concluded that the statements of appellant=s
counsel at the hearing did not meet appellant=s
burden of establishing good cause for the failure to respond to the discovery
requests for over fourteen months. 
Appellant designated two expert witnesses and sixty-six persons with
knowledge of relevant facts in her discovery responses; and, at the hearing,
appellant=s counsel
stated that appellant had Aproduced
somewhere in the neighborhood of 3,500 documents.@  Given appellant=s
late designation of the substantial number of potential witnesses and late
production of such a substantial number of documents, the trial court could
have reasonably concluded that appellant did not meet her burden of
establishing a lack of unfair surprise or unfair prejudice to appellees.  Therefore, the trial court did not abuse its
discretion in excluding the evidence under Rule 193.6.

The trial court also did not err in prohibiting
appellant from presenting evidence that would have amounted to a re-urging or
relitigating causes of action disposed of by the summary judgments.  Once a trial court enters a summary judgment,
the issues decided by the summary judgment cannot be relitigated unless the
judgment is set aside by the trial court or the judgment is reversed on appeal.
Thompson v. Curtis, 127 S.W.3d 446, 450 (Tex. App.CDallas
2004, no pet.); Pierson v. SMS Fin. II, L.L.C., 959 S.W.2d 343, 350
(Tex. App.CTexarkana
1998, no pet.).








The trial court did not err in excluding appellant=s evidence.  However, even if the exclusion of the
evidence had constituted error, the record does not demonstrate that appellant
was harmed by the exclusion.  The trial
court permitted appellant to testify as a fact witness.  Appellant does not refer to any excluded
evidence in her brief in an attempt to show that the exclusion of her evidence
probably caused the rendition of an improper judgment.  Nor does the record show that the exclusion
of the evidence probably caused the rendition of an improper judgment.  Appellant=s
third issue is overruled.

                                                          Appellate
Attorney=s Fees

At trial, appellees=
counsel testified on attorney=s
fees issues, including appellate attorney=s
fees.  Although the jury awarded
appellees the sum of $10,000 in attorney=s
fees for preparation and trial, the jury did not award any appellate attorney=s fees. 
Appellees filed a motion to disregard the jury findings on appellate
attorney=s fees
and to render judgment awarding appellate attorney=s
fees. The trial court granted appellees=
motion and rendered judgment to appellees awarding them the sum of $4,500 in
appellate attorney=s fees in
the event of a successful appeal to the court of appeals and the additional sum
of $8,000 in appellate attorney=s
fees in the event of a successful appeal to the Texas Supreme Court.

In her fourth issue, appellant complains that the
trial court erred in disregarding the jury findings on appellate attorney=s fees and rendering its judgment
awarding appellate attorney=s
fees to appellees.  Appellant asserts
that the trial court erred in failing to exclude appellees= evidence on appellate attorney=s fees. 
Appellant also asserts that the evidence supported the jury=s findings on appellate attorney=s fees.

Appellant served a request for disclosure on
appellees.  In response, appellees
designated their counsel as an expert witness on attorney=s fees and stated that his testimony
would be based on the rate of $125 per hour. 
Twenty-five days before trial, appellees supplemented their response to
appellant=s request
for disclosure with specific information relating to appellate attorney=s fees. Appellant objected to the
admission of appellate attorney=s
fees evidence at trial on the ground that appellees had failed to supplement
timely their discovery response with appellate attorney=s
fees information.  The trial court
overruled appellant=s
objection. 








Because appellees had previously designated their
counsel as an expert witness on attorney=s
fees, the trial court could have concluded that appellees= untimely supplemental response
including specific information on appellate attorney=s
fees did not unfairly surprise or unfairly prejudice appellant.  See Rule 193.6(a)(2).  The record supports this conclusion.  Therefore, the trial court did not abuse its
discretion in admitting appellees=
evidence on appellate attorney=s
fees.

Appellees=
counsel testified that, in the event of an appeal to the court of appeals, a
reasonable amount to be charged would be $4,500.  He estimated the attorney=s fees for responding to a petition for
review in the Texas Supreme Court to be $3,500. 
In the event the Texas Supreme Court granted the petition, he expected
that an additional $4,500 in attorney=s
fees would be required.  Appellees= counsel concluded his testimony as
follows:

Therefore, in my opinion, in the event of appeal
to the Court of Appeals it will be $4,500, and in the event of prosecuting and
being successful through appeal to the Supreme Court will be $8,000.   

 

Appellant=s
counsel did not cross-examine appellees=
counsel on the issue of appellate attorney=s
fees.

The jury did not award any appellate attorney=s fees to appellees.  A trial court may disregard a jury=s negative finding and substitute its
own affirmative finding only if the evidence conclusively establishes the
affirmative finding.  Cale=s Clean Scene Carwash, Inc. v. Hubbard,
76 S.W.3d 784, 786 (Tex.
App.CHouston
[14th Dist.] 2002, no pet.).  Because the
trial court could only disregard the jury=s
findings on appellate attorney=s
fees if there was no evidence to support them, we review the legal sufficiency
of the evidence supporting the jury=s
findings.  In analyzing a  legal sufficiency issue, we must consider the
evidence in the light most favorable to the verdict and indulge every
reasonable inference that supports it.  City
of Keller v. Wilson,
168 S.W.3d 802, 821-22 (Tex.
2005).  The evidence is legally
sufficient if it would enable reasonable and fair-minded people to reach the
verdict under review.  Id. at 827.  If there is no evidence to support a jury
finding, we then examine the entire record and sustain the trial court=s award only if it is established
conclusively as a matter of law.  Dow
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001); Hubbard, 76 S.W.3d at
786.

Appellees had the burden of proof on appellate
attorney=s
fees.  The record conclusively
demonstrates that some amount of attorney=s
services would be necessary in the event of an appeal.  Therefore, there is no evidence to support
the jury=s finding
of zero for appellate attorney=s
fees.  See Hubbard, 76 S.W.3d at
786-87.  








Testimony by an interested witness may establish a
fact as a matter of law only if:  (1) the
testimony could be readily contradicted if untrue; (2) it is clear, direct, and
positive; and (3) there are no circumstances tending to discredit or impeach
it.  Lofton v. Tex. Brine Corp.,
777 S.W.2d 384, 386 (Tex. 1989); see also
Ragsdale v. Progressive Voters League, 801 S.W.2d 880, 882 (Tex. 1990) (testimony of
attorney established amount of attorney=s
fees as a matter of law).  The testimony
of appellees= counsel
on appellate attorney=s
fees satisfied this test.  Appellant did
not cross-examine appeellees=
counsel on appellate attorney=s
fees issues.  The testimony of appellees= counsel conclusively established the
trial court=s award
of appellate attorney=s
fees.  We overrule appellant=s fourth issue.

                                                               This
Court=s Ruling

We affirm the judgment of the trial court.

 

TERRY McCALL

JUSTICE

 

July 27, 2006

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.