**AFFIRMED and Opinion Filed May 22, 2023**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

**No. 05-22-00016-CV**

_____

**VICTORIA ANWUZIA, Appellant**

**V.**

**CHANTAL MARSHALL, Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-01178-2021**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Smith

Appellant Victoria Anwuzia appeals the trial court's summary judgment in favor of appellee Chantal Marshall. Because we conclude that appellant failed to bring forth a scintilla of evidence to defeat one of the challenged elements in appellee's no-evidence motion for summary judgment, we affirm.

### Background and Procedural History

According to appellant's original petition, she placed her dogs in the care of her mother while she went out of town. Appellant's sister was staying with her mother at the time and tried to contact appellant about her dogs but was unable to do

so. Her sister took the dogs to the Plano Animal Shelter to be housed but told personnel the dogs did not belong to her and that she would return later to pick up the dogs. Appellant's sister did not permanently surrender the dogs to the shelter or give the shelter permission to place the dogs for adoption. However, shortly thereafter, the shelter released one of the dogs to appellee, who adopted the dog. Appellant demanded appellee return the dog to her, but appellee refused.

Appellant sued appellee for conversion. Appellee filed a general denial and asserted several affirmative defenses. Appellee subsequently filed a no-evidence motion for summary judgment in which she asserted that appellant could not produce more than a scintilla of evidence on certain elements of conversion. Appellant responded, relying solely on her own affidavit to defeat the motion.

After a hearing, which was not recorded and is not before us on appeal, the trial court granted appellee's no-evidence motion and dismissed with prejudice appellant's claim of conversion. Appellant timely appealed. In her sole issue challenging the trial court's grant of appellee's motion for summary judgment, appellant argues that the no-evidence motion was conclusory and insufficient to support summary judgment and that she raised more than a scintilla of evidence to support each element of her conversion claim. Appellee did not file a brief in response.

## Summary Judgment Standard of Review

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A party, after adequate time for discovery, may move for summary judgment without presenting evidence on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party has the burden of proof. TEX. R. CIV. P. 166a(i). To defeat a no-evidence motion, the nonmovant must produce evidence raising a genuine issue of material fact on the essential elements of the claim or defense challenged. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A nonmovant raises a genuine issue of material fact if it produces more than a scintilla of evidence establishing the existence of the challenged element. *Id.* More than a scintilla of evidence exists when the evidence allows reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharms. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

We review a no-evidence summary judgment under the same legal sufficiency standard as directed verdicts. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). A no-evidence challenge will be sustained when there is a complete absence of evidence of a vital fact, the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, the evidence offered to prove a vital fact is no more than a mere scintilla, or the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms.*, 953 S.W.2d at 711.

–3–

## Analysis

Appellant argues that appellee's no-evidence motion, "which conclusorily states that Appellant failed to provide any evidence of the elements of conversion, is generalized and that is reason enough for this Court to reverse the trial court's summary judgment order." Appellant also argues that her affidavit was sufficient to raise more than a scintilla of evidence on the elements of conversion.

To establish a claim for conversion, a plaintiff must prove: (1) the plaintiff owned, had legal possession of, or was entitled to possession of the property; (2) the defendant, unlawfully and without authorization, assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights; (3) the plaintiff made a demand for the property; and (4) the defendant refused to return the property. *Guillory v. Dietrich*, 598 S.W.3d 284, 292 (Tex. App.—Dallas 2020, pet. denied). A plaintiff must also prove damages, which are generally measured by the fair market value of the property at the time and place of conversion. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147–48 (Tex. 1997) (per curiam). In the alternative, a plaintiff may seek the return of the property and damages for its loss of use since the time of conversion. *Wells Fargo Bank Nw., N.A. v. RPK Cap. XVI, L.L.C.*, 360 S.W.3d 691, 706 (Tex. App.—Dallas 2012, no pet.).

Appellant is correct that general no-evidence challenges are not permitted under rule 166a(i). *See* TEX. R. CIV. P. 166a(i) ("motion must state the elements as

to which there is no evidence"); TEX. R. CIV. P. 166a(i) cmt. 1997 ("The motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case."); *Jose Fuentes Co., Inc. v. Alfaro*, 418 S.W.3d 280, 283–85 (Tex. App.—Dallas 2013, pet. denied) (en banc) (adhering to the language of rule 166a(i) and its comment and concluding that motion did not meet the requirements of the rule because it did not single out the elements as to which there was no evidence). The motion must state which elements the movant contends have no supporting evidence; otherwise, the motion is fundamentally defective and cannot support summary judgment as a matter of law. *Jose Fuentes Co.*, 418 S.W.3d at 283. However, a party is not limited in the number of elements it may challenge in a no-evidence motion as long it specifically identifies the challenged elements. *Nelson v. Regions Mortg., Inc.*, 170 S.W.3d 858, 861 (Tex. App.—Dallas 2005, no pet.).

Here, appellee did not file a general no-evidence motion that failed to identify any specific element of which appellee claimed there was no evidence. Instead, appellee argued that she was entitled to a no-evidence summary judgment because "an adequate time for discovery had passed and there is no evidence that: (1) Plaintiff owned, had legal possession of, or had entitlement to the property; (2) Defendant's exercise of dominion and control over the Property was unlawful or without authorization; or (3) the Property had any value" or "Plaintiff suffered any other

compensable damages as a result of the alleged conversion." Thus, appellee's no-evidence motion complied with 166a(i)'s specificity requirements and was not fundamentally defective.

Appellant also argues that she presented sufficient evidence in her affidavit to raise more than a scintilla of evidence on the elements of conversion. We disagree.

Appellant's affidavit consisted of one paragraph in which she testified to the following: (1) she owned the dog; (2) she did not take the dog to the shelter, her sister did; (3) her sister told the shelter she did not own the dog and that appellant did; (4) her sister informed the shelter that she would be back to pick up the dog; and (5) her sister did not authorize the shelter to place the animal for adoption and neither did appellant. "Conclusions in an affidavit are insufficient either to support summary judgment or to raise a fact issue in response to a summary-judgment motion." *Holloway v. Dekkers*, 380 S.W.3d 315, 323 (Tex. App.—Dallas 2012, no pet.). "A conclusory statement is one that does not provide the underlying facts to support the statement." *Id.* Here, appellant's testimony that she owned the dog is conclusory. She did not include any facts or supporting documents showing when or how she became the owner of the dog. Thus, her bare statement that she owned the dog is not sufficient to raise a fact issue in response to appellee's no-evidence summary judgment motion challenging whether appellant owned, had legal possession of, or had entitlement to the dog.

Because appellant did not raise a genuine issue of material fact on each challenged element of her conversion claim,[1] the trial court did not err in granting appellee's no evidence motion for summary judgment.

## Conclusion

We affirm the judgment of the trial court.

/Craig Smith//
220016f.p05                         CRAIG SMITH
JUSTICE

---

[1] Based on our disposition regarding appellee's first challenged element, it is not necessary for us to address whether appellant raised a genuine issue of material fact as to the two remaining elements challenged by appellee. *See* TEX. R. APP. P. 47.1.



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

VICTORIA ANWUZIA, Appellant

No. 05-22-00016-CV     V.

CHANTAL MARSHALL, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas Trial Court Cause No. 001-01178-2021.

Opinion delivered by Justice Smith. Justices Pedersen, III and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CHANTAL MARSHALL recover her costs of this appeal from appellant VICTORIA ANWUZIA.

Judgment entered this 22nd day of May 2023.