ACCEPTED
01-15-00362-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/18/2015 8:58:37 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00362-CV

IN THE COURT OF APPEALS FOR THE FIRST COURT OF APPEALS DISTRICT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/18/2015 8:58:37 AM
CHRISTOPHER A. PRINE
Clerk

JEFF LEWIS,

Appellant,

v.

AURORA LOAN SERVICES AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

Appellees.

On Appeal from the
201st District Court
Travis County, Texas
Trial Court Case No. D-1-GN-11-000618

TRANSFERRED TO THIS COURT FROM THE THIRD COURT OF APPEALS

APPELLEE'S BRIEF

J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Daniel P. Tobin
Texas Bar I.D. 24046978
*dtobin@settlepou.com*
Charles R. Curran
Texas Bar I.D. 24076334
*ccurran@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR AURORA LOAN SERVICES, LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

-1-

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of all parties, as well as names and addresses of all counsel:

**Appellants:**                                    **Counsel:**

Jeff Lewis                                         Stephen Casey
                                                   Casey Law Office, P.C.
                                                   595 Round Rock West Drive
                                                   Suite 102
                                                   Round Rock, Texas 78681
                                                   (512) 257-1324 (Phone)
                                                   (512) 853-4098 (Fax)

**Appellees:**

Aurora Loan Services, LLC and                      J. Garth Fennegan
Mortgage Electronic Registration                   Daniel P. Tobin
Systems, Inc.                                       Charles R. Curran
                                                   SettlePou
                                                   3333 Lee Parkway, Eighth Floor
                                                   Dallas, Texas 75219
                                                   (214) 520-330 (Phone)
                                                   (214) 526-4145 (Fax)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................................2

TABLE OF CONTENTS ........................................................................................3

INDEX OF AUTHORITIES.....................................................................................4

STATEMENT OF THE CASE ..................................................................................6

STATEMENT REGARDING ORAL ARGUMENT ...........................................................7

ISSUES PRESENTED..........................................................................................8

STATEMENT OF FACTS.......................................................................................9

SUMMARY OF THE ARGUMENT ...........................................................................11

ARGUMENT ..................................................................................................11

Argument & Authorities ...............................................................................11

    A.    Standard for No-Evidence Motion for Summary Judgment. ..............11

    B.    The Trial Court Properly Granted Appellees' No-Evidence Motion for Summary Judgment. .........................................................12

    C.    Because the Trial Court Properly Granted the No-Evidence Motion, the Court Need Not Reach the Issue of Whether the Traditional Motion Was Properly Granted. ........................................17

CONCLUSION .................................................................................................18

Certificate of Compliance ...............................................................................19

Certificate of Service ....................................................................................19

# INDEX OF AUTHORITIES

**Cases**

*Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644 (Tex. 1996) ....................................13

*Beverick v. Koch Power, Inc.*, 186 S.W.3d 145 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) ..........................................................17

*Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) ..............................15

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198 (Tex. 2002)......................................13

*Catherman v. First State Bank*, 796 S.W.2df 299 (Tex. App.—Austin 1990, no writ)........................................................................................13

*Ford Motor Co. v. Ridgway*, 135 S.W.3d 598 (Tex. 2004) ...................................17

*Frazier v. Yu*, 987 S.W.2d 607 (Tex. App.—Ft. Worth 1999, pet. denied) ...............................................................................................14

*Jackson v. Am. Home Mortg. Servicing, Inc.*, No. 05-12-01596-CV, 2014 WL 3817085, at *1-2 (Tex. App.—Dallas Aug. 4, 2014)...................17

*King Ranch, Inc. v. Chapman*, 118 S.W.3d 742 (Tex. 2003) ...............................12

*Merrell Dow Pharms, Inc. v. Havner*, 953 S.W.2d 706 (Tex. 1997) ....................12

*Najera v. Recana Solutions, LLC*, No. 14-14-00332-CV, 2015 WL 4985085, at *8 (Tex. App.—Houston -14th Dist.], no pet.) ........................15

*Nelson v. Regions Mortgage, Inc.*, 170 S.W.3d 858 (Tex. App.—Dallas 2005, no pet.) ...............................................................................14

*Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306 (Tex. 2009) ...................................12

*Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452 (Tex. App.—Austin 2004, pet. denied) ........................................................17

*Walker v. Schion*, 420 S.W.3d 454 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ...............................................................................14

*York v. Samuel*, No. 01-05-00549-CV, 2007 WL 1018364, at *3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2007, pet. denied) .................................14

**Statutes**

TEX. BUS. & COMM. CODE §§ 17.41-17.63...............................................................13

TEX. FIN. CODE § 392.202 ..............................................................13

TEX. FIN. CODE § 392.403 ..............................................................13

**Rules**

TEX. R. APP. P. 39.1 ......................................................................7

TEX. R. CIV. P. 166a(i) ............................................................ 11, 12

## STATEMENT OF THE CASE

**Nature of the proceeding**

On September 12, 2014, Appellees Aurora Loan Services, LLC ("Aurora") and Mortgage Electronic Registrations Systems, Inc. ("MERS") filed their Motion for Final Summary Judgment. C.R. 158. The Motion for Final Summary Judgment contained both traditional and no-evidence components. C.R. 158-168. Appellant Jeff Lewis ("Lewis" or "Appellant") filed a Motion to Strike Summary Judgment Affidavit of Fay Janati and Response to Summary Judgment. C.R. 221-24. The Court struck the affidavit of Fay Janati. R.R. 22. Summary judgment was thereafter rendered in favor of Aurora and MERS and against Lewis on December 16, 2014. C.R. 225-26.

On January 14, 2014, Lewis filed a Motion for New Trial. C.R. 230. On March 2, 2015, Lewis filed a Notice of Appeal. C.R. 233.

**Trial Court**

The underlying proceeding was assigned to the Honorable Amy Clark Meachum of the 201st Civil District Court of Travis County, Texas. Appellees' Motion for Final Summary Judgment and Appellant's Motion to Strike and Response were heard by the Honorable Orlinda Naranjo. R.R. 1.

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not believe that oral argument will significantly aid the Court in determining the legal issues presented in this appeal. TEX. R. APP. P. 39.1.

## ISSUES PRESENTED

Issue No. 1 (Appellant's Issues 1 & 2): The Trial Court properly granted Appellees' no-evidence motion for summary judgment because Appellant did not produce any evidence to support the challenged elements of his claims.

## STATEMENT OF FACTS

Appellant's Statement of Facts goes well afield of the summary-judgment record and consists of nothing more than the unsupported argument of counsel. Appellant's Statement relies on purported facts not presented to the Court in connection with the summary judgment proceedings and that cannot aid this Court in its resolution of Appellant's appeal.

*Lewis's Claims.* Lewis filed suit against Aurora and MERS on March 1, 2011. C.R. 3. Lewis filed his First Amended Petition on December 2, 2011. C.R. 141. In his First Amended Petition, Lewis asserted claims against Aurora and MERS for violations of the Texas Debt Collection Act and the Deceptive Trade Practices Act and sought injunctive and declaratory relief. C.R. 146-48.

*The Summary Judgment Proceedings.* On September 12, 2014, Appellees filed their Motion for Final Summary Judgment ("MSJ"). C.R. 158. The MSJ sought traditional summary judgment on Lewis's claims for violation of the Texas Debt Collection Act and the Deceptive Trade Practices Act as well as his request for declaratory relief. C.R. 161-66. The MSJ also sought a Texas Rule of Civil Procedure 166a(i) no-evidence summary judgment on Plaintiff's claims for violation of the Texas Debt Collection Act and Deceptive Trade Practices Act and his requests for injunctive and declaratory relief. C.R. 166-68. In support of the traditional portion of the MSJ, Appellees attached the Affidavit of Fay Janati of

Nationstar Mortgage, LLC.  C.R. 171-73.

Lewis filed a Motion to Strike Summary Judgment Affidavit of Fay Janati and Response to Summary Judgment ("Motion to Strike and Response") on October 22, 2014.  C.R. 221.  The Motion to Strike and Response contained no summary judgment evidence.  *See* C.R. 221-24.

The MSJ and Lewis's Motion to Strike and Response were heard on November 10, 2014.  R.R. 1, 22-31.  At the hearing, the Court struck the Affidavit of Fay Janati.  R.R. 22.

On December 16, 2014, the Trial Court granted Final Summary Judgment to Appellees. C.R. 225-26.  The Final Summary Judgment Order stated that the MSJ "should be granted on all grounds stated therein," that "Plaintiff take nothing from Aurora in this action," "that Plaintiff take nothing against MERS in this action," and that "[t]his judgment finally disposes of all parties and all claims and is appealable."  C.R. 225-26.

*The Motion for New Trial and Appeal.*  On January 14, 2015, Lewis filed a Motion for New Trial solely complaining that the Trial Court should not have granted the MSJ after it struck the affidavit of Fay Janati.  C.R. 230.  No order was issued on this Motion for New Trial.  *See generally* C.R.  On March 2, 2015, Lewis filed his Notice of Appeal.  C.R. 233.

Appellees' MSJ was a hybrid motion, containing both traditional and no-evidence components. In order to obtain the denial of the MSJ in the Trial Court, Appellant needed to produce competent summary judgment evidence raising a genuine issue of material fact on each element of each claim which Appellees challenged. Appellant failed to produce any summary-judgment evidence concerning the challenged elements of Appellant's claims. Accordingly, the Trial Court properly a no-evidence granted summary judgment to Appellees.

## ARGUMENT

### Issue No. 1 (Appellant's Issues 1 & 2)

THE TRIAL COURT PROPERLY GRANTED APPELLEES'
NO-EVIDENCE MOTION FOR SUMMARY JUDGMENT BECAUSE
APPELLANT DID NOT PRODUCE ANY EVIDENCE TO SUPPORT THE
CHALLENGED ELEMENTS OF HIS CLAIMS.

### Argument & Authorities

**A.     Standard for No-Evidence Motion for Summary Judgment.**

When a party challenges the evidentiary support for essential elements of the non-moving party's claim or defense under Rule 166a(i), the non-movant is required to produce evidence that raises a genuine issue of material fact on each challenged element of its claim. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v.*

*Gish*, 286 S.W.3d 306, 310 (Tex. 2009)  This Court reviews a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict.  TEX. R. CIV. P. 166a(i); *Gish*, 286 S.W.3d at 310.  Thus, the Court "review[s] evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not."  *Gish*, 286 S.W.3d at 310 (internal citations omitted); *Merrell Dow Pharms, Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).  A trial court must grant a no-evidence summary-judgment motion unless the non-movant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact.  TEX. R. CIV. P. 166a(i); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

**B.    The Trial Court Properly Granted Appellees' No-Evidence Motion for Summary Judgment.**

Appellees' MSJ, which was filed more than three years after Lewis first filed suit, C.R. 3 (suit filed March 1, 2011) & C.R. 158 (MSJ filed September 12, 2014)[1], contained both traditional and no-evidence motions, C.R. 161-68.  The no-evidence motion challenged the following elements of each of Lewis's claims:

---

[1] Appellees alleged in their MSJ that Appellant had adequate time for discovery since the action had been pending for more than three years before Appellees filed their MSJ.  C.R. 166. Appellant did not indicate otherwise in the Motion to Strike and Response, the Motion for New Trial, or in his opening brief.  C.R. 221-24, 230.

- *Injunctive Relief[2]*: Appellant has no evidence that he has a probable right to relief on the causes of action stated in his petition and his allegation that MERS is not a mortgagee entitled to foreclose on the Property pursuant to the Texas Property Code. C.R. 166-67.

- *Texas Debt Collection Act[3]*: Appellant has no evidence that Aurora committed a violation of section 392.202 of the Texas Debt Collection Act and that Plaintiff was injured as a result of any such violation. C.R. 167.

- *Deceptive Trade Practices Act[4]*: Appellant has no evidence that he is a consumer, that Appellees could be sued under the Deceptive Trade Practices Act, that Appellees committed violations under section 392.202 of the Texas Debt Collection Act, that Appellees committed a violation of the Deceptive Trade Practices Act, or that Appellant

---

[2] The elements of injunctive relief are: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). C.R. 166.

[3] The elements of Appellant's Texas Debt Collection Act claim are: (1) defendant is a debt collector; (2) defendant committed a wrongful act in violation of Texas Finance Code § 392.202; (3) the wrongful act was committed against the plaintiff; and (4) and the plaintiff was injured as a result of the wrongful act. *Catherman v. First State Bank*, 796 S.W.2df 299, 302 (Tex. App.— Austin 1990, no writ) (Plaintiff must prove injury); TEX. FIN. CODE § 392.403 (requiring a violation of the Act against Plaintiff for civil remedies); TEX. FIN. CODE § 392.202 (requiring a third party debt collector). C.R. 167.

[4] The elements of Appellant's Deceptive Trade Practices Act claim are: (1) Plaintiff is a consumer; (2) Defendants can be sued under the DTPA; (3) Defendants violated a specific provision of the Act; (4) Defendant's violation was a producing cause of Plaintiff's damages. TEX. BUS. & COMM. CODE §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). C.R. 167.

suffered injury as a result of any alleged violation of the Deceptive

Trade Practices Act. C.R. 167.

- *Declaratory Relief*[5]: Appellant has no evidence to support at least one

    element of every cause of action and no evidence to support his claim

    that MERS is not entitled to foreclose. C.R. 168.

Lewis produced no summary-judgment evidence with his Motion to Strike and Response. C.R. 221-24. The only summary-judgment evidence before the Court was the affidavit of Fay Janati. C.R. 174-220. The Court, however, struck the affidavit of Fay Janati and thus there was no summary-judgment evidence before the Trial Court. R.R. 22. *Walker v. Schion*, 420 S.W.3d 454, 457 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (court cannot consider evidence excluded by the trial court unless the ruling is challenged on appeal) (citation omitted); *York v. Samuel*, No. 01-05-00549-CV, 2007 WL 1018364, at *3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2007, pet. denied) (memo. op.) (same); *Frazier v. Yu*, 987 S.W.2d 607, 610 (Tex. App.—Ft. Worth 1999, pet. denied) (where affidavit stricken and ruling not challenged on appeal, appellate court cannot consider the excluded evidence).

Because the only summary-judgment evidence was excluded by the Trial

---

[5] To be entitled to declaratory relief, Appellant was required to prove a justiciable controversy within the trial court's jurisdiction. *Nelson v. Regions Mortgage, Inc.*, 170 S.W.3d 858, 863 (Tex. App.—Dallas 2005, no pet.). C.R. 168.

Court and because Lewis failed to produce any competent summary-judgment evidence in support of the challenged elements of his claims, Lewis failed to carry his burden in responding to Appellees' no-evidence motion. Moreover, in Appellant's Motion to Strike and Response, he entirely failed to point out to the court any evidence raising any fact issue as to any the challenged elements of his claims. *E.g.*, *Najera v. Recana Solutions, LLC*, No. 14-14-00332-CV, 2015 WL 4985085, at *8 (Tex. App.—Houston -14th Dist.], no pet.) (memo. op.) (failure to point out evidence raising a fact issue in a response fatal to no-evidence motion); *Burns v. Canales*, No. 14-04-00786-CV, 2006 WL 461518 (Tex. App.—Houston [14th Dist.] Feb. 28, 2006, pet. denied) (memo op.) ("the party seeking to avoid the effects of a well-pleaded no-evidence motion for summary judgment bears the burden to file a written response that raises issues preventing summary judgment, and that *points to evidence supporting those* issues") (emphasis added). Accordingly, the Trial Court properly granted Appellees' MSJ.

Appellant's attempt by his opening brief in this matter to make arguments based on evidence not before the trial court is both disingenuous and improper. In fact, by entirely failing to address the no-evidence portion of the MSJ, Appellant waives any complaint as to the trial court granting the no-evidence MSJ. The trial court did not have the benefit of any of the evidence Appellant purports to offer this Court, nor was it presented with the bankruptcy documents of which Appellant

asks this court to take judicial notice. *See* Tab B of Appellant's Appendix.

Moreover, Appellant has failed to point this Court to any evidence supporting the challenged elements of Plaintiff's claims. Plaintiff has not cited to:

- evidence that he has a probable right to relief on the causes of action stated in the petition or evidence that MERS is not a mortgagee entitled to foreclose (injunctive relief);

- evidence that Aurora committed a violation of section 392.202 of the Texas Debt Collection Act or that Plaintiff was injured as a result of any such violation (Texas Debt Collection Act);

- evidence that Appellant was a consumer, that Appellees could be sued under the Deceptive Trade Practices Act, that Appellees committed violations under section 392.202 of the Texas Debt Collection Act, that Appellees committed a violation of the Deceptive Trade Practices Act, or that Appellant suffered injury as a result of any alleged violation of the Deceptive Trade Practices Act (Deceptive Trade Practices Act);

- or evidence to support at least one element of every cause of action or evidence to support his claim that MERS is not entitled to foreclose (declaratory judgment).

In sum, Appellant's unfocused attack solely on the traditional motion for summary

judgment does nothing to show that the no-evidence motion was not properly granted.

## C. Because the Trial Court Properly Granted the No-Evidence Motion, the Court Need Not Reach the Issue of Whether the Traditional Motion Was Properly Granted.

If a trial court grants summary judgment without specifying the grounds for granting the motion, this Court must uphold the trial court's judgment if any of the grounds are meritorious. *E.g.*, *Beverick v. Koch Power, Inc.*, 186 S.W.3d 145, 148 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Trilogy Software, Inc. v. Callidus Software, Inc.*, 143 S.W.3d 452, 459 (Tex. App.—Austin 2004, pet. denied). When the moving party files both a no-evidence and traditional motion for summary judgment, the Court generally addresses the no-evidence motion first. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004).

The Trial Court's Final Summary Judgment does not specifically identify whether Appellees' MSJ was granted as to the traditional motion or the no-evidence motion. C.R. 225 (identifying that MSJ granted on "all grounds stated therein"). Because the no-evidence motion was properly granted, this Court must uphold the Final Summary Judgment in favor of Appellees. *E.g.*, *Jackson v. Am. Home Mortg. Servicing, Inc.*, No. 05-12-01596-CV, 2014 WL 3817085, at *1-2 (Tex. App.—Dallas Aug. 4, 2014) (memo. op.) (upholding grant of no-evidence portion of hybrid motion for summary judgment when the summary judgment

order recited summary judgment was granted on "all the grounds stated therein.").

## CONCLUSION

Appellant wholly failed to address Appellees' no-evidence MSJ at the trial court level and has further entirely failed to address Appellees' no-evidence MSJ on appeal. Accordingly, Appellees respectfully request that this Court affirm the Trial Court's Final Summary Judgment in favor of Appellees, tax all costs of this appeal against Appellant, and grant all other relief to which Appellees are entitled.

*/s/ Daniel P. Tobin*
J. Garth Fennegan
Texas Bar I.D. 24004642
*gfennegan@settlepou.com*
Daniel P. Tobin
Texas Bar I.D. 24046978
*dtobin@settlepou.com*
Charles R. Curran
Texas Bar I.D. 24076334
*ccurran@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-330 (Phone)
(214) 526-4145 (Fax)

ATTORNEYS FOR APPELLEES

## Certificate of Compliance

I certify that this document was produced on a computer using Microsoft Word 2010 and contains 2,447 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

*/s/ Daniel P. Tobin*
Daniel P. Tobin


## Certificate of Service

This certifies that on September 18, 2015, this document was served in accordance with Rule 9.5 of the Texas Rules of Appellate Procedure, by first class mail to:

Stephen Casey
Casey Law Office, P.C.
595 Round Rock West Drive, Suite 102
Round Rock, Texas 78681

ATTORNEY FOR APPELLANT

*/s/ Daniel P. Tobin*
Daniel P. Tobin